**Michael FAHERTY A/K/A Mike Faherty, Relator,**

v.

**Honorable Gene KNIZE, and Avva Noble Tipton, Respondents.**

No. 10–88–234–CV.

Court of Appeals of Texas, Waco.

Feb. 9, 1989.

B. Prater Monning, III and Beverly K. Caro, Gardere & Wynne, Dallas, for relator.

Cindy Butler White and Joann N. Wilkins, Burford & Ryburn, Dallas, for respondents.

## OPINION

MEANS, Justice.

Relator, Michael Faherty, is before this Court requesting a writ of prohibition against the Honorable Gene Knize, Judge of the 40th Judicial District Court, Ellis County. Judge Knize has imposed severe, though not necessarily undue monetary sanctions against Relator for misrepresentations made by Relator during pretrial discovery and trial testimony. Upon Relator's failure to satisfy those sanctions, Judge Knize ordered Relator to appear and show cause why he should not be held in contempt of court. Relator's Application for Writ of Prohibition requests that we command Judge Knize to cease and desist from exercising any jurisdiction over Relator and from seeking to enforce any orders or complaints against him. We deny Relator's petition for writ of prohibition, it being beyond the power of this Court to grant such a writ.

We note, however, that Judge Knize lacked the jurisdiction to punish Relator for his prejudgment discovery and trial abuses, however egregious, and that his Order Imposing Sanctions, dated October 20, 1988, is void. Clearly, the judgment of the trial court, dated August 14, 1987, became final 30 days thereafter, no motion for new trial having been filed nor appeal perfected. At that time, Judge Knize lost plenary jurisdiction of the matter and he could not thereafter impose sanctions upon anyone for *pre*judgment discovery abuses. *Cf. Crawford v. Kelly Field Nat'l Bank*, 724 S.W.2d 899, 901 (Tex.App.—San Antonio 1987, no writ) (holding that the trial court could not strike appellant's pleading as a post-judgment discovery sanction after its plenary power to vacate or modify the judgment had expired). This is not to say,

however, that Judge Knize could not have sanctioned *post*-judgment abuses under Texas Rule of Civil Procedure 621a.

Avva Noble Tipton sued Tex–Plus Barns, Inc., in Judge Knize's court for breach of contract and deceptive trade practices and, on August 14, 1987, was granted judgment for $18,956.16, including actual damages, prejudgment interest, additional damages under the Texas Deceptive Trade Practices–Consumer Protection Act, and attorney's fees. No appeal was taken and Tipton initiated post-judgment discovery under Rule 621a.

■ During post-judgment discovery, Tipton found that she had recovered an empty judgment. Michael Faherty, Relator herein, testified in *pre*trial discovery that the entity with which Mrs. Tipton had contracted was the defendant against which she had filed suit, Tex–Plus Barns, Inc. Relator even claimed to be the president and chief executive officer of that corporation.

At a post-judgment deposition, however, Relator testified that Tex–Plus Barns, Inc., did not actually exist. Mrs. Tipton had contracted not with Tex–Plus Barns, *Inc.*, but with Tex–Plus Barns, a sole proprietorship owned by Relator.

Seeking a way to punish Relator for his deception and give teeth to the jaws of her victory, Tipton filed a Motion for Sanctions against Relator on September 6, 1988. She did so even though he personally was not a party to Mrs. Tipton's suit against Tex–Plus Barns, Inc. On October 20, Judge Knize granted Tipton monetary sanctions against Relator personally for $18,652.16 —a sum apparently intended to equal the amount of Tipton's judgment against Tex–Plus Barns, Inc. Judge Knize also sanctioned Relator $2,767 for post-judgment attorney's fees, court costs, and deposition costs. He ordered payment on or before November 14.

When Relator did not pay, Tipton filed a Motion for Contempt and had it set for hearing on December 27. Upon Relator's request for temporary relief, this Court enjoined Judge Knize from conducting the contempt hearing pending our ruling on Relator's request for a writ of prohibition.

As previously noted, our holding is that we do not have jurisdiction to issue a writ of prohibition against Judge Knize under these circumstances. This Court's authority to prohibit an action by a trial court derives from Section 22.221(a) of the Texas Government Code. It provides:

> Each court of appeals or a justice of a court of appeals may issue a writ of mandamus *and all other writs necessary to enforce the jurisdiction of the court.*

Tex.Gov't Code Ann. (Vernon 1988) (emphasis added).

■ The authority of this Court to issue "all other writs" is limited to cases in which this Court has *actual* jurisdiction of a pending proceeding. *See Lesikar v. Anthony,* 750 S.W.2d 338, 339 (Tex.App.— Houston [1st Dist.] 1988, orig. proceeding); *Shelvin v. Lykos,* 741 S.W.2d 178, 181 (Tex. App.—Houston [1st Dist.] 1987, orig. proceeding). One court has even held that a court of appeals does not have jurisdiction, absent a pending *appeal,* to issue a writ of prohibition, *Bayoud v. North Cent. Inv. Corp.,* 751 S.W.2d 525, 529 (Tex.App.—Dallas 1988), but that holding would appear to be overbroad in view of *Cleveland v. Ward,* 116 Tex. 1, 285 S.W. 1063, 1068 (1926). Relator's request for relief is an original proceeding. We have no appeal before us; thus, we have no jurisdiction requiring enforcement or protection by a writ of prohibition or any other writ. Consequently, Relator's request must be denied.

On oral argument, and in response to a challenge to our jurisdiction by Tipton's counsel on the grounds just discussed, counsel for Relator directed the Court's attention to Relator's prayer for general relief.

Given our belief that Judge Knize's Order Imposing Sanctions is void, we could, arguably, issue mandamus commanding him to vacate that order. Section 22.221(b), Texas Government Code provides:

> Each court of appeals ... may issue all writs of mandamus, agreeable to the

principles of law regulating those writs, against a judge of a district or county court in the court of appeals district. Mandamus will issue to nullify an order entered without legal authority. *Shelvin,* 741 S.W.2d at 185; *State ex rel. Wade v. Stephens,* 724 S.W.2d 141, 143 (Tex.App.— Dallas 1987, orig. proceeding). While it is tempting to grant mandamus under Relator's prayer for general relief, we decline to do so.

■■■ Relator seeks extraordinary relief. While we have found no cases denying an appellate court in this state the power to grant mandamus against a trial court based upon a prayer for general relief, it should be done, if at all, only in the most exigent circumstances. We are confident that in view of our observation that Judge Knize's Order Imposing Sanctions is void, no mandamus need issue to prevent its enforcement. Therefore, no exigency exists.

Relator did not request mandamus. His request for relief seeks to prohibit the commission of a future act, namely, the trial court's exercise of jurisdiction over Relator. As such, it is a true request for a writ of prohibition and cannot be construed as a request for a writ of mandamus which operates to undo or nullify an act already performed. *See State ex rel. Wade v. Mays,* 689 S.W.2d 893, 897 (Tex.Crim.App. 1985).

Texas Rule of Appellate Procedure 121(a)(2)(D) clearly requires Relator's petition to state the relief sought and the basis for the relief. If this rule is to have any meaning at all, Relator's petition cannot be said to entitle him to mandamus.

The facts and pleadings in this case are distinguishable from those in cases which hold that, in determining the specific nature of the relief sought, the courts will not be limited by the denomination of petitioner's pleadings but will look to the essence of the pleadings, including the prayers. *E.g., State ex rel. Wade,* 689 S.W.2d at 897; *Vance v. Clawson,* 465 S.W.2d 164, 169 (Tex.Crim.App.1971). Here, Relator did not request mandamus either by denomination or in essence.

Relator's petition for writ of prohibition is denied.