The UPJOHN COMPANY, Appellant,

v.

John McClellan MARSHALL, Judge Presiding, 14th District Court of Dallas County, Texas, Appellee.

No. 05–92–02380–CV.

Court of Appeals of Texas, Dallas.

Nov. 24, 1992.

Earl B. Austin, Baker & Botts, L.L.P., Dakkasm, and Richard L. Josephson, Houston, for appellant.

Stephen Gardner, Dallas, Michael D. Mosher, Paris, and Coyt Randal Johnston, Johnston & Budner, Dallas, for appellee.

Before BAKER, KINKEADE and BURNETT, JJ.

## OPINION

BAKER, Justice.

The Upjohn Company seeks writ of mandamus compelling respondent, the Honorable John McClellan Marshall, Judge presid-

ing of the 14th District Court of Dallas County, Texas, to vacate an order permitting public access to certain documents offered into evidence during an ongoing trial. We conditionally grant the writ.

William R. Freeman and his family sued Upjohn on a products liability theory, because Freeman had taken Halcion, a drug that Upjohn manufactured. Upjohn moved to seal certain documents about Halcion's manufacture. Upjohn posted the public notices required by rule 76a.[1] The Dallas Morning News, Inc. and Public Citizen intervened to urge the Court to deny Upjohn's motion. The trial court denied Upjohn's motion and Upjohn appealed.[2] We issued orders on April 3, 1992, and April 27, 1992, temporarily sealing the documents to preserve our jurisdiction over the appeal. *See The Dallas Morning News, Inc. v. Fifth Court of Appeals*, 842 S.W.2d 655, 657 (1992, orig. proceeding).

Meanwhile, the case proceeded to trial. The plaintiffs intended to offer certain of the contested documents into evidence. Upjohn moved for a temporary sealing order. Upjohn requested the temporary sealing order to preserve the integrity of the two orders this Court entered temporarily sealing the documents to preserve our jurisdiction over the appeal. Upjohn's request was only to limit access of the documents to the public until this Court entered its decision in the rule 76a appeal.

Judge Marshall reasoned that the criterion for sealing documents offered as evidentiary exhibits differed from that for sealing documents only produced in discovery. By his order dated October 9, 1992, Judge Marshall denied Upjohn's motion. Upjohn filed this mandamus proceeding. Upjohn argues that Judge Marshall's order interferes with this Court's jurisdiction because documents once unsealed cannot be resealed if this Court reverses the trial court's rule 76a ruling.

Simultaneously with this opinion, we issue the opinion in Upjohn's rule 76a appeal. In that opinion, we conclude that Judge Marshall applied the clear and convincing standard of proof to Upjohn's rule 76a motion for a sealing order. We hold that the correct standard is preponderance of the evidence. Because Judge Marshall applied the wrong standard, we reverse his rule 76a ruling and remand Upjohn's motion for a sealing order to the trial court for further proceedings.

There remains the disposition of this mandamus proceeding. A court of appeals may issue writ of mandamus to enforce its jurisdiction. TEX.GOV'T CODE ANN. § 22.221(a) (Vernon 1988); *see Taft v. Schraub*, 557 S.W.2d 172, 173 (Tex.Civ. App.—San Antonio 1977, orig. proceeding). Anything that "destroys the efficacy of a final judgment" of this Court renders an extraordinary writ the proper form of relief. *See Houston North Properties v. White*, 731 S.W.2d 719, 721 (Tex.App.— Houston [1st Dist.] 1987, orig. proceeding, writ dism'd w.o.j.).

We recognize that we may not issue extraordinary writs when a relator has an adequate remedy on appeal. We also recognize that an appeal, not an original proceeding, is the appropriate method to remedy a trial court's failure to give preclusive effect to a final judgment. *See Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 684 (Tex.1989). Nonetheless, we hold that, when an appeal does not provide an adequate remedy because a trial court's action threatens interference with one of our judgments, mandamus will lie as the remedy.

Because of our decision in the rule 76a appeal, Judge Marshall's October 9, 1992 order threatens to unseal documents before Upjohn has had the opportunity for a rule 76a hearing under the proper burden of proof. The documents introduced into evidence are a subset of the documents at issue in Upjohn's rule 76a appeal. *See The Dallas Morning News, Inc.*, 842 S.W.2d at 658. The order threatens interference with

---

**1.** TEX.R.CIV.P. 76a. All future references to rule 76a are to this rule.

**2.** *The Upjohn Company v. Freeman, et al.*, No. 05-92-00777, 1992 WL 351191 (Tex.App.—Dallas November 24, 1992, n.w.h.) (not yet reported).

this Court's judgment in that appeal. Documents once unsealed cannot effectively be resealed after appeal. Therefore, mandamus will lie to compel Judge Marshall to vacate his order so he can give the fullest effect to our judgment in Upjohn's rule 76a appeal. We express no opinion on any aspect of the merits of Upjohn's rule 76a motion in this original proceeding.

We conditionally grant the writ. We order Judge Marshall to vacate his order and to reconsider Upjohn's rule 76a motion, giving full effect to our judgment in Upjohn's rule 76a appeal. If Judge Marshall fails to do so, the writ shall issue.