**In re Agustin Escalera SALAS.**

**No. 10–99–167–CR.**

Court of Appeals of Texas,
Waco.

June 30, 1999.

Kenneth G. Wincorn, Dallas, for Relator.

John H. Jackson, Corsicana, for Respondent.

Before Chief Justice DAVIS, Justice VANCE and Justice GRAY.

## OPINION

REX D. DAVIS, Chief Justice.

Relator Agustin Escalera Salas seeks a writ of prohibition ordering Respondent, the Honorable John H. Jackson, Judge of the 13th Judicial District Court, not to issue a certain order *nunc pro tunc*. Because we conclude that we do not have jurisdiction to grant the relief requested, we will deny Relator's petition.

On April 28, 1994, Respondent's predecessor in office accepted Relator's guilty plea, deferred an adjudication of guilt, and placed him on unadjudicated community supervision for a period of ten years. After Relator had successfully completed more than one-third of his term, he filed a motion asking Respondent to allow him to withdraw his guilty plea and discharge him from community supervision. Respondent signed an order on April 13, 1998 stating in pertinent part:

> The Court, after hearing all of the evidence presented, hereby Orders that Defendant's Original Plea is hereby withdrawn, the indictment be dismissed and Defendant's Motion for Release From Probation be GRANTED.

On May 10, 1999, Respondent sent a letter to an attorney with the Dallas office of the Immigration and Naturalization Service with a carbon copy to the district attorney informing them in pertinent part:

> The order releasing the defendant from probation recites that the original plea is withdrawn and the indictment is dismissed. This order does not reflect the intent of the Court and is a departure from the language generally required by the Court in early releases from probation. The Court's intent was to simply release the defendant from probation as provided by law after service of the requisite time on Community Supervision;

> The Court will enter a correcting Nunc Pro Tunc Order upon the application of any proper party which reflects the intent of the Court in this case.

Relator asks this Court to prohibit Respondent from carrying out this stated intention.

Under article V, section 6 of the Texas Constitution, this Court has: (1) jurisdic-

tion over "all cases of which the District Courts or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law"; and (2) "such other jurisdiction, original and appellate, as may be prescribed by law." TEX. CONST. art. V, § 6.

Section 22.221(a) of the Government Code sets the limits of our jurisdiction to issue writs. *See* TEX. GOV'T CODE ANN. § 22.221(a) (Vernon 1988). That statute provides, "Each court of appeals or a justice of a court of appeals may issue a writ of mandamus and all other writs necessary to enforce the jurisdiction of the court." *Id.* This Court has construed section 22.221(a) to mean that our authority to issue a writ of prohibition "is limited to cases in which this Court has *actual* jurisdiction of a pending proceeding." *Faherty v. Knize,* 764 S.W.2d 922, 923 (Tex.App.—Waco 1989, orig. proceeding).

The limited writ jurisdiction of this Court should be contrasted with the broader writ authority granted the Court of Criminal Appeals. Article V, section 5 of the Texas Constitution and article 4.04 of the Code of Criminal Procedure grant that Court jurisdiction to issue "the writs of mandamus, procedendo, prohibition, and certiorari" "in criminal law matters." TEX. CONST. art. V, § 5; TEX.CODE CRIM. PROC. ANN. art. 4.04, § 1 (Vernon Supp.1999).

In Relator's case, we have no pending proceeding before us for which the issuance of a writ of prohibition would be necessary to enforce our jurisdiction. Accordingly, we do not have jurisdiction to issue the requested writ. Relator's petition for writ of prohibition is denied.