In re American Home Products Corporation, et al.















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-167-CR

IN RE AGUSTIN ESCALERA SALAS

* * * * * * * * * *

Original Proceeding

* * * * * * * * * * 
                                                                                                               

O P I N I O N
                                                                                                               

      Relator Agustin Escalera Salas seeks a writ of prohibition ordering Respondent, the Honorable
John H. Jackson, Judge of the 13th Judicial District Court, not to issue a certain order nunc pro
tunc. Because we conclude that we do not have jurisdiction to grant the relief requested, we will
deny Relator’s petition.
      On April 28, 1994, Respondent’s predecessor in office accepted Relator’s guilty plea, deferred
an adjudication of guilt, and placed him on unadjudicated community supervision for a period of
ten years. After Relator had successfully completed more than one-third of his term, he filed a
motion asking Respondent to allow him to withdraw his guilty plea and discharge him from
community supervision. Respondent signed an order on April 13, 1998 stating in pertinent part:
The Court, after hearing all of the evidence presented, hereby Orders that Defendant’s
Original Plea is hereby withdrawn, the indictment be dismissed and Defendant’s Motion
for Release From Probation be GRANTED.

On May 10, 1999, Respondent sent a letter to an attorney with the Dallas office of the Immigration
and Naturalization Service with a carbon copy to the district attorney informing them in pertinent
part:
The order releasing the defendant from probation recites that the original plea is
withdrawn and the indictment is dismissed. This order does not reflect the intent of the
Court and is a departure from the language generally required by the Court in early
releases from probation. The Court’s intent was to simply release the defendant from
probation as provided by law after service of the requisite time on Community
Supervision;
 
The Court will enter a correcting Nunc Pro Tunc Order upon the application of any
proper party which reflects the intent of the Court in this case.

Relator asks this Court to prohibit Respondent from carrying out this stated intention.
      Under article V, section 6 of the Texas Constitution, this Court has: (1) jurisdiction over “all
cases of which the District Courts or County Courts have original or appellate jurisdiction, under
such restrictions and regulations as may be prescribed by law”; and (2) “such other jurisdiction,
original and appellate, as may be prescribed by law.” Tex. Const. art. V, § 6.
      Section 22.221(a) of the Government Code sets the limits of our jurisdiction to issue writs. 
See Tex. Gov’t Code Ann. § 22.221(a) (Vernon 1988). That statute provides, “Each court of
appeals or a justice of a court of appeals may issue a writ of mandamus and all other writs
necessary to enforce the jurisdiction of the court.” Id. This Court has construed section 22.221(a)
to mean that our authority to issue a writ of prohibition “is limited to cases in which this Court
has actual jurisdiction of a pending proceeding.” Faherty v. Knize, 764 S.W.2d 922, 923 (Tex.
App.—Waco 1989, orig. proceeding).
      The limited writ jurisdiction of this Court should be contrasted with the broader writ authority
granted the Court of Criminal Appeals. Article V, section 5 of the Texas Constitution and article
4.04 of the Code of Criminal Procedure grant that Court jurisdiction to issue “the writs of
mandamus, procedendo, prohibition, and certiorari” “in criminal law matters.” Tex. Const. art.
V, § 5; Tex. Code Crim. Proc. Ann. art. 4.04, § 1 (Vernon Supp. 1999).
      In Relator’s case, we have no pending proceeding before us for which the issuance of a writ
of prohibition would be necessary to enforce our jurisdiction. Accordingly, we do not have
jurisdiction to issue the requested writ. Relator’s petition for writ of prohibition is denied. 

                                                                               REX D. DAVIS
                                                                               Chief Justice


Before Chief Justice Davis,
      Justice Vance and
      Justice Gray
Petition denied
Opinion delivered and filed June 30, 1999
Publish