NO. 07-03-0311-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 18, 2003

_____

IN RE JOHN VINEYARD, RELATOR
_____

Before QUINN and REAVIS and CAMPBELL, JJ.


MEMORANDUM OPINION


By this original proceeding, relator John Vineyard, presently incarcerated and acting *pro se*, seeks a writ of mandamus to compel the Honorable William C. (Bill) Sowder, Criminal District Attorney for Lubbock County,[1] to conduct an investigation and file felony charges against a police officer. For the reasons expressed herein, we must dismiss relator's petition for want of jurisdiction.

This court has authority to issue writs of mandamus agreeable to the principles of law regulating those writs against district and county court judges within our court of appeals district. Tex. Gov't Code Ann. § 22.221(b) (Vernon Supp. 2003). Otherwise, our authority to issue such a writ exists only to the extent necessary to enforce our jurisdiction.

---

[1]Relator names "Bill Sowder, District Attorney of Lubbock County," as respondent. We take judicial notice of respondent's full name and office.

Tex. Gov't Code Ann. § 22.221(a).  Before it can be said that we are acting to enforce our jurisdiction, the dispute made the basis of the petition must somehow implicate a pending appeal. *See Wolters v. Wright,* 623 S.W.2d 301 (Tex. 1981); *Upjohn Co. v. Marshall,* 843 S.W.2d 203, 204 (Tex.App.–Dallas 1992, no writ); *Faherty v. Knize,* 764 S.W.2d 922, 923 (Tex.App.–Waco 1989, no writ) (writ of prohibition); *Loftin v. Weiss,* 605 S.W.2d 377, 379 (Tex.App.–Amarillo 1980, no writ); *Bush v. Vela*, 535 S.W.2d 803, 804 (Tex.Civ.App.–Corpus Christi 1976, orig. proceeding).

Relator's petition satisfies neither ground. His petition does not relate to a pending appeal, so issuance of the writ he seeks is not necessary to enforce our jurisdiction. He seeks a writ not against a judge, but against a district attorney.  We have no jurisdiction to entertain the petition.

Moreover, an original proceeding filed in this court must comply with the requirements of Rule 52 of the Texas Rules of Appellate Procedure.  Relator's petition fails to comply with those requirements in several respects.

Accordingly, relator's petition for a writ of mandamus against the district attorney is dismissed for want of jurisdiction.


Per Curiam.