COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





IN RE: JASON CLARKSON,

                          Relator.

§
 
§
 
§
 
§
 
§
 
 § 



No. 08-05-00300-CR

AN ORIGINAL PROCEEDING 

IN MANDAMUS AND

WRIT OF PROHIBITION



 

 

 




OPINION ON PETITION FOR WRIT OF MANDAMUS
AND WRIT OF PROHIBITION

           This is an original proceeding in mandamus. Relator, Jason Clarkson, also requests
a writ of prohibition. Relator seeks a writ of mandamus requiring the Honorable Stephen
Ables to vacate his order assigning the Honorable Susan Larsen to hear Relator’s motion to
recuse the Honorable Robert Anchondo, and a writ of prohibition prohibiting the Honorable
Stephen Ables from entering any order other than an order assigning another judge to hear
the underlying case.
STANDARD OF REVIEW
           To establish an entitlement to mandamus relief, a relator must satisfy two
requirements: (1) there must be no adequate remedy at law to redress his alleged harm; and
(2) the relator must have a clear right to the relief sought. Buntion v. Harmon, 827 S.W.2d
945, 947-48 and n.2 (Tex. Crim. App. 1992); State ex rel. Sutton v. Bage, 822 S.W.2d 55, 57
(Tex. Crim. App. 1992). The second element has historically been stated in terms of
requiring that the judicial conduct from which relief is sought be “ministerial” in nature. 
Buntion, 827 S.W.2d at 948 n.2. An act is ministerial “where the law clearly spells out the
duty to be performed . . . with such certainty that nothing is left to the exercise of discretion
or judgment.” Texas Dept. of Corrections v. Dalehite, 623 S.W.2d 420, 424 (Tex. Crim.
App. 1981). A ministerial act is not implicated if the trial court must weigh conflicting
claims or collateral matters which require legal resolution. State ex rel. Hill v. Court of
Appeals for Fifth District, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001). However, a
so-called “discretionary” act may become “ministerial” when the facts and circumstances
dictate but one rational decision. Buntion, 827 S.W.2d at 948 n.2.
           Regarding Relator’s writ of prohibition, section 22.221(a) of the Government Code
sets the limits of our jurisdiction to issue writs. See Tex. Gov’t Code Ann. § 22.221(a)
(Vernon 2004). That statute provides, “Each court of appeals or a justice of a court of
appeals may issue a writ of mandamus and all other writs necessary to enforce the
jurisdiction of the court.” Id. Under section 22.221(a) our authority to issue a writ of
prohibition “is limited to cases in which this Court has actual jurisdiction of a pending
proceeding.” Faherty v. Knize, 764 S.W.2d 922, 923 (Tex. App.--Waco 1989, orig.
proceeding).
APPLICATION OF THE LAW TO THE FACTS BEFORE THE COURT
           Based upon the limited record provided to us, we are unable to conclude that Relator
has a clear right to the relief he seeks in his petition for writ of mandamus. Accordingly, we
deny the relief requested in the petition for mandamus. Regarding the petition for writ of
prohibition, we have no pending proceeding before us for which the issuance of a writ of
prohibition would be necessary to enforce our jurisdiction. Accordingly, we do not have
jurisdiction to issue the requested writ. Relator’s petition for writ of prohibition is denied.
 
                                                                             PER CURIAM

September 22, 2005

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)