NO. 07-06-0029-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 25, 2006



______________________________


 

IN RE MICHAEL LOU GARRETT, RELATOR


_________________________________


 



Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Michael Lou Garrett has filed a document with this court, in the form of a letter
addressed to the court's clerk. In the letter, he requests that Caroline Woodburn, Potter
County District Clerk, be instructed to take certain actions. With the letter, Garrett encloses
a copy of correspondence he says he has sent to the district clerk. Reading his letter to
this court's clerk liberally, we will construe it as a petition for a writ of mandamus. Tex. R.
App. P. 52.

 This court has authority to issue writs of mandamus against district and county court
judges within our court of appeals district. Tex. Gov't Code Ann. § 22.221(b) (Vernon
Supp. 2003). Otherwise, our authority to issue such a writ exists only to the extent
necessary to enforce our jurisdiction. Tex. Gov't Code Ann. § 22.221(a). Before it can be
said that we are acting to enforce our jurisdiction, the dispute made the basis of the petition
must somehow implicate a pending appeal. Wolters v. Wright, 623 S.W.2d 301 (Tex.
1981); In re Washington, 7 S.W.3d 181, 182 (Tex.App.-Houston [1st Dist.] 1999, orig.
proceeding); Upjohn Co. v. Marshall, 843 S.W.2d 203, 204 (Tex.App.-Dallas 1992, no writ).

 Garrett has an appeal pending in this court. (1) His current correspondence, though,
asks that the district clerk be instructed to file a petition, which he says he sent the clerk in
December 2005, and to notify him of the filing date and cause number assigned. The
petition will initiate a new lawsuit. Nothing in Garrett's current correspondence indicates
that his dispute with the district clerk implicates his pending appeal. We conclude the relief
he now seeks is not necessary to enforce our jurisdiction. Since he seeks relief against a
district clerk and not against a judge, we therefore have no jurisdiction to consider his
request.

 Accordingly, we dismiss Garrett's petition for want of jurisdiction. 


 James T. Campbell

 Justice





 
1. --- 
 


 (c) submit a letter, so as to be physically received by the Clerk
of this Court no later than 5:00 p.m. on December 15, 2006, (2)
which letter shall certify that Russell I. Gunter II has conferred
with, and sought counseling from, his supervising attorney
Brian Murray concerning the terms of this judgment and its
underlying circumstances, which letter shall contain the
signatures of Russell I. Gunter II and Brian Murray.

 It is further ORDERED, ADJUDGED AND DECREED that a writ of attachment shall
issue for the said Russell I. Gunter II without further notice to him in the event he fails to
satisfy any one or more of the stated conditions for suspension of his confinement.

 Issued this 20th day of November, 2006.

 Per Curiam


1. The "mailbox rule" shall not apply to this deadline. See Tex. R. App. P. 2
(authorizing the court to suspend operation of a rule in a particular case). 
2. The "mailbox rule" shall not apply to this deadline. See Tex. R. App. P. 2
(authorizing the court to suspend operation of a rule in a particular case).