# NO. 12-09-00276-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| | § | |
| *IN RE: ALLEN MILLER,* | | |
| *RELATOR* | § | *ORIGINAL PROCEEDING* |
| | § | |

## *MEMORANDUM OPINION*

Allen Roy Miller seeks a writ of prohibition to prevent the trial court from amending, modifying, or revoking his probation in trial court cause number 05CR16469, or taking any action to bench warrant him back to Shelby County for further proceedings in that cause number. He further requests a writ of mandamus directing the trial court to withdraw any warrants or detainers that have been issued in connection with the State's motion to revoke Miller's probation in cause number 05CR16469.

A writ of prohibition is used to protect the subject matter of an appeal or to prohibit an unlawful interference with the enforcement of a superior court's order and judgments. *Sivley v. Sivley*, 972 S.W.2d 850, 863-64 (Tex. App.–Tyler 1998, orig. proceeding) (combined appeal and orig. proceeding). A party seeking a writ of prohibition must demonstrate that (1) it has no other adequate remedy at law and that (2) it is clearly entitled to the relief sought. *In re State*, 180 S.W.3d 423, 425 (Tex. App.–Tyler 2005, orig. proceeding). That party must also show that the requested writ of prohibition relates to a pending appeal over which the court of appeals has jurisdiction. *In re Salas*, 994 S.W.2d 422, 422 (Tex. App.–Waco 1999, orig. proceeding). In the instant proceeding, Miller has not shown that the writ of prohibition he requests relates to a pending appeal over which this court has jurisdiction. Consequently, he has not shown that he is entitled to a writ of prohibition.

Mandamus relief is authorized in a criminal case only if the relator establishes that (1) he has no other adequate legal remedy and (2) under the facts and the law, the act sought to be compelled is purely ministerial. ***State ex rel. Hill v. Fifth Court of Appeals***, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001). Miller alleges, and the record reflects, that in cause number 05CR16469, the trial court orally pronounced sentence according to the terms of a plea agreement whereby Miller pleaded guilty to aggravated assault on a public servant in return for a ten year probated sentence. However, the judgment entered in the case provides that the trial court deferred further proceedings without entering an adjudication of guilt and placed Miller on deferred adjudication for ten years. Assuming there are no other relevant facts, the discrepancy, as it is described by Miller, did not result from judicial reasoning or determination and therefore is merely a clerical error. ***Alvarez v. State***, 605 S.W.2d 615, 616 (Tex. Crim. App. 1980). Thus, a judgment nunc pro tunc is the appropriate remedy to correct the alleged discrepancy. *See **Ex parte Madding***, 70 S.W.3d 131, 135 n.8 (Tex. Crim. App. 2002). Because this remedy is adequate, mandamus is not available to correct the alleged discrepancy.

Miller further contends that the alleged discrepancy renders the written judgment void and therefore it cannot be enforced against him. Consequently, his argument continues, he is entitled to mandamus requiring the withdrawal of any warrants or detainers issued in furtherance of the State's attempt to revoke his probation in the subject cause number. As stated above, the discrepancy Miller has described is a mere clerical error and can be corrected by judgment nunc pro tunc. *See **id.*** A judgment containing an irregularity that can be corrected by nunc pro tunc entry is not void. ***Hughes v. State***, 493 S.W.2d 166, 170 (Tex. Crim. App. 1973). Because the judgment is not void, it can be enforced, and Miller is not entitled mandamus directing the withdrawal of any warrants or detainers relating to the revocation of his probation.[1]

Miller has not shown that he is entitled to a writ of prohibition or a writ of mandamus. Accordingly, his petition for writ of prohibition and writ of mandamus is ***denied***.

---

[1] According to Miller, the State acknowledges the discrepancy and has asked the trial court to modify the "probation paperwork" to reflect the original agreement.

                                            **BRIAN HOYLE**
                                              Justice


Opinion delivered September 30, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(DO NOT PUBLISH)