

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00265-CV

IN RE KRISS CAMP, RELATOR

ORIGINAL PROCEEDING

June 25, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Relator, Kriss Camp, appearing *pro se,* has filed a motion for leave to file a petition for writ of mandamus and a petition for writ of mandamus. In the petition he seeks an order compelling respondent, the Honorable Don R. Emerson, judge of the 320th District Court of Potter County, to vacate a judgment in an underlying divorce proceeding and grant relator a new trial. Chief among relator's complaints seems to be that Judge Emerson rendered a judgment declaring relator's marriage void in contradiction of this court's mandate in *Camp v. Camp.*[1] We will deny relator's petition.

---

[1] *Camp v. Camp,* No. 07-11-00282-CV, 2012 Tex. App. Lexis 6473 (Tex. App.—Amarillo Aug. 3, 2012, no pet.) (mem. op.) (reversing and remanding case for new trial).

The writ of mandamus will issue to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no adequate remedy available by appeal. *In re Prudential Ins. Co. of America,* 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). The relator must generally bring forward all that is necessary to establish a claim for relief. *See* TEX. R. APP. P. 52.7; *Dallas Morning News v. Fifth Court of Appeals,* 842 S.W.2d 655, 658 (Tex. 1992) (orig. proceeding). This includes providing an adequate record to substantiate the allegations contained in the petition for writ of mandamus. *Dallas Morning News,* 842 S.W.2d at 658; *Walker v. Packer,* 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Absent a sufficient record, mandamus will not issue. *Id.*

None of relator's factual allegations are supported by citation to evidence included in the appendix or record. TEX. R. APP. P. 52.3(g); 52.3(j) (required certification). Indeed, the petition is not accompanied by anything even approximating a proper appendix or record. TEX. R. APP. P. 52.3(k) (appendix); 52.7 (record). Further we are not shown why the complaints relator raises were incapable of resolution by appeal. In this way, nothing shows how any action by Judge Emerson threatens interference with our judgment in *Camp v. Camp. Upjohn Co. v. Marshall,* 843 S.W.2d 203, 204 (Tex. App.—Dallas 1992, orig. proceeding).

We therefore must, and do, deny relator's petition for writ of mandamus. His request for leave to file a petition for writ of mandamus is dismissed as moot. *See* TEX. R. APP. P. 52, Notes and Comments ("The requirement of a motion for leave in original proceedings is repealed"); TEX. R. APP. P. 52.1; *In re Bryant,* No. 07-11-0052-CV, 2011

2

Tex. App. Lexis 1421, at *5 n.4 (Tex. App.—Amarillo Feb. 25, 2011, orig. proceeding) (per curiam, mem. op.).


James T. Campbell
Justice