

**IN THE**
**TENTH COURT OF APPEALS**

---

**No. 10-19-00355-CR**

**IN RE MICHEAL GEROD MCGREGOR**

---

**Original Proceeding**

---

**MEMORANDUM OPINION**

---

Micheal Gerod McGregor is in prison. He asks this Court to issue a writ of prohibition to prohibit the "rewriting" of a disciplinary action against him which he believes was dismissed[1] and to prevent a hearing on the new disciplinary action. There are numerous procedural problems with McGregor's petition, such as no certification and no record as required by the Rules of Appellate Procedure. *See* TEX. R. APP. P. 52.3(j); 52.7. The petition was also not properly served. *See* TEX. R. APP. P. 9.5. However, we use Rule 2 to dispense with these requirements and proceed to a timely disposition of the petition.

---

[1] McGregor states later in his petition that the alleged rewriting has already occurred.

Generally, a writ of prohibition issues to prevent the commission of a future act. *State ex rel. Wade v. Mays*, 689 S.W.2d 893, 897 (Tex. Crim. App. 1985). It will not be granted when the act sought to be prevented is already done. *Id.*

The Texas Constitution and the Texas Code of Criminal Procedure grant the Court of Criminal Appeals the power and authority to issue writs of prohibition in criminal matters. TEX. CONST. art. V, § 5(c) ("...the Court of Criminal Appeals and the Judges thereof shall have the power to issue the writ of habeas corpus, and, in criminal law matters, the writs of mandamus, procedendo, prohibition, and certiorari."); TEX. CODE CRIM. PROC. ANN. art. 4.04, sec. 1 ("The Court of Criminal Appeals and each judge thereof shall have, and is hereby given, the power and authority to grant and issue and cause the issuance of writs of habeas corpus, and, in criminal law matters, the writs of mandamus, procedendo, prohibition, and certiorari."). The intermediate appellate courts, such as this Court, were not given the same power or authority. *See* TEX. CONST. art. V, § 6 (original jurisdiction only as may be established by law); TEX. CODE CRIM. PROC. ANN. art. 4.03 (no original jurisdiction in criminal law matters established).

The only situation in which a writ of prohibition may properly be used by this Court is to protect our jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a) ("Each court of appeals or a justice of a court of appeals may issue a writ of mandamus and all other writs necessary to enforce the jurisdiction of the court."); *In re Wyatt*, 110 S.W.3d 511, 511 (Tex. App.—Waco 2003, orig. proceeding); *In re Salas*, 994 S.W.2d 422, 423 (Tex. App.—Waco 1999, orig. proceeding). Its use is limited to cases in which this Court has actual jurisdiction of a pending proceeding. *Wyatt*, 110 S.W.3d at 511; *Salas*, 994 S.W.2d at 423.

McGregor does not have an appeal pending in this Court, and his petition does not assert any manner in which our jurisdiction is in jeopardy of being lost due to the events about which he is complaining. Therefore, we have no jurisdiction to issue the requested writ.

Accordingly, McGregor's petition for writ of prohibition is dismissed.

McGregor also presented a motion for leave to file his petition for writ of prohibition. A motion for leave to file a petition for writ of prohibition is required when relief is sought from the Court of Criminal Appeals. TEX. R. APP. P. 72.1. But the requirement for leave to file a petition at the court of appeals level was eliminated in 1997. *See* TEX. R. APP. P. 52, Notes and Comments. Thus, under the applicable rules, if relief is sought from an intermediate court of appeals, such as the Tenth Court of Appeals, a motion for leave to file the petition is unnecessary. Accordingly, McGregor's motion for leave to file a writ of prohibition is dismissed as moot.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Neill
Writ dismissed
Motion dismissed
Opinion delivered and filed October 23, 2019
Do not publish
[OT06]

