

IN THE
TENTH COURT OF APPEALS

———————————

No. 10-19-00463-CR

IN RE SHANE MIX

———————————

Original Proceeding

MEMORANDUM OPINION

Shane Mix, a prisoner, asks this Court to issue a writ of prohibition to prohibit the Brazos County District Attorney from prosecuting Mix for theft. There are numerous procedural problems with Mix's petition, such as no certification and no record as required by the Rules of Appellate Procedure. *See* TEX. R. APP. P. 52.3(j); 52.7. The petition was also not properly served. *See* TEX. R. APP. P. 9.5. However, we use Rule 2 to suspend these requirements and expedite a disposition of the petition. TEX. R. APP. P. 2.

Generally, a writ of prohibition issues to prevent the commission of a future act. *State ex rel. Wade v. Mays*, 689 S.W.2d 893, 897 (Tex. Crim. App. 1985). The Texas Constitution and the Texas Code of Criminal Procedure grant the Court of Criminal Appeals the power and authority to issue writs of prohibition in criminal matters. TEX.

CONST. art. V, § 5(c) ("...the Court of Criminal Appeals and the Judges thereof shall have the power to issue the writ of habeas corpus, and, in criminal law matters, the writs of mandamus, procedendo, prohibition, and certiorari."); TEX. CODE CRIM. PROC. ANN. art. 4.04, sec. 1 ("The Court of Criminal Appeals and each judge thereof shall have, and is hereby given, the power and authority to grant and issue and cause the issuance of writs of habeas corpus, and, in criminal law matters, the writs of mandamus, procedendo, prohibition, and certiorari.").  The intermediate appellate courts, such as this Court, were not given the same power or authority.  *See* TEX. CONST. art. V, § 6 (original jurisdiction only as may be established by law); TEX. CODE CRIM. PROC. ANN. art. 4.03 (no original jurisdiction in criminal law matters established).

The only situation in which a writ of prohibition may properly be used by this Court is to protect our jurisdiction.  *See* TEX. GOV'T CODE ANN. § 22.221(a) ("Each court of appeals or a justice of a court of appeals may issue a writ of mandamus and all other writs necessary to enforce the jurisdiction of the court."); *In re Wyatt*, 110 S.W.3d 511, 511 (Tex. App.—Waco 2003, orig. proceeding); *In re Salas*, 994 S.W.2d 422, 423 (Tex. App.—Waco 1999, orig. proceeding).  Its use is limited to cases in which this Court has actual jurisdiction of a pending proceeding. *Wyatt*, 110 S.W.3d at 511; *Salas*, 994 S.W.2d at 423.

Although Mix has a petition for writ of mandamus pending in this Court, his petition for writ of prohibition does not assert any manner in which our jurisdiction is in jeopardy of being lost due to the events about which he is complaining. Therefore, we have no jurisdiction to issue the requested writ.

Accordingly, Mix's petition for writ of prohibition is dismissed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Neill
Pet. dismissed
Opinion delivered and filed December 23, 2019
Do not publish
[OT06]

