

# IN THE
# TENTH COURT OF APPEALS

## No. 10-21-00160-CR
## No. 10-21-00161-CR

## IN RE JAMES TYRON RIGGS, SR.

### Original Proceeding

### From the 66th District Court
### Hill County, Texas
### Trial Court Nos. 37718 and 37717

## MEMORANDUM OPINION

James Tyron Riggs, Sr., acting pro se, has presented a single document entitled "Petition for Writ of Mandamus and Prohibition" for two trial court case numbers. The document was filed on July 9, 2021, even though it reflects that it was not served on the real-party-in-interest, which is the State of Texas through its district attorney in Hill County. Nevertheless, on our own initiative and to expedite a decision in these proceedings, we suspend the operation of the rule regarding service and issue this opinion. *See* TEX. R. APP. P. 2, 9.5, and 52.2.

The petitions seek to compel the Respondent, the trial court judge, to rule on pro se motions, filed in these two criminal proceedings. The motions seek dismissal of the

criminal proceedings because, according to the motions, the proceedings have been pending for an excessive amount of time, well beyond the statute of limitations and the "180-day rule."

Based on the record provided in the form of an appendix to the petitions, Riggs, who is currently incarcerated based on a conviction from another proceeding, is represented by counsel in the pending criminal proceedings. And although there is a suggestion that counsel has filed a motion to withdraw, there is no indication that the motion has been granted or that Riggs is not currently represented by counsel in those proceedings. A defendant in a criminal proceeding is not entitled to hybrid representation. *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007). As long as Riggs is represented by counsel, the trial court has no duty to rule on a pro se motion absent extraordinary circumstances not presented here. *See id*. Moreover, this Court has no jurisdiction of a petition for a writ of prohibition other than to protect the jurisdiction of the Court. *See* TEX. GOV'T CODE ANN. § 22.221(a) ("Each court of appeals or a justice of a court of appeals may issue a writ of mandamus and all other writs necessary to enforce the jurisdiction of the court."); *In re Wyatt*, 110 S.W.3d 511, 511 (Tex. App.—Waco 2003, orig. proceeding); *In re Salas*, 994 S.W.2d 422, 423 (Tex. App.—Waco 1999, orig. proceeding). Riggs has not asserted any basis for which a writ of prohibition is necessary to protect the jurisdiction of this Court.

Accordingly, the petitions for writ of mandamus are denied and the petitions for writ of prohibition are dismissed for want of jurisdiction.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Johnson, and
    Justice Rose[1]
Petitions for writ of mandamus denied
Petitions for writ of prohibition dismissed
Opinion delivered and filed July 14, 2021
Do not publish
[OT06]



---

[1] The Honorable Jeff Rose, Former Chief Justice of the Third Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE §§ 74.003, 75.002, 75.003.