In re Robert W. JOHNSON, Jr., Juan Lopez Butron, and Luis Enrique Cortinas Villarreal

Nos. 13–97–550–CV, 13–97–558–CV.

Court of Appeals of Texas, Corpus Christi.

Sept. 26, 1997.

---

Ronald G. Hole, Micaela Alvarez, Law Office of Ronald G. Hole, McAllen, R.E. Lopez, Jr., Brownsville, Robert W. Johnson, Jr., Corpus Christi, for Relators.

William L. Hubbard, Jose E. Garcia, Law Office of Jose E. Garcia, Cynthia G. Gutierrez, Ellis, Koeneke & Ramirez, McAllen, Stephen White Schueler, Winstead Sechrest & Minick Pc, Houston, for Real Parties in Interest.

Before SEERDEN, C.J., and DORSEY and CHAVEZ, JJ.

## OPINION

SEERDEN, Justice.

By the present original proceedings for mandamus, prohibition and injunctive relief, Juan Lopez Butron, Luis Enrique Cortinas Villarreal, and their attorney, Robert W. Johnson, Jr. (collectively "Butron"), seek to set aside orders of the trial court which prevent Butron's collection of a judgment of a sister court. We conditionally grant a writ of mandamus, and grant a writ of prohibition and injunctive relief.

## I. The Legal Malpractice Judgment of the 138th District Court

Butron sued Mark A. Cantu for legal malpractice in the 138th District Court in Cameron County, and that court granted a May 1993 judgment against Cantu for more than $1,000,000. That judgment was appealed to this Court, and Cantu posted a supersedeas bond to prevent execution during the appeal. We affirmed the May 1993 judgment, the Texas Supreme Court denied writ of error, and our mandate issued on February 19, 1997. *See Cantu v. Butron*, 921 S.W.2d 344 (Tex.App.—Corpus Christi 1996, writ denied).

## II. Initial Proceedings Before the 93rd District Court

However, while that appeal was pending, Mark A. Cantu and his wife, Roxanne Cantu, brought a separate action against Butron in the 92nd District Court of Hidalgo County (later transferred to the the 93rd District Court of Hidalgo County) for wrongful garnishment in connection with Butron's alleged attempts to collect his judgment against Cantu. Cantu's lawsuit in the 93rd District Court initially generated two interlocutory orders preventing execution of the May 1993 judgment:

— July 28, 1995, partial summary judgment which declared the May 1993 judgment void and provided that "[n]o process or execution may be had upon that judgment";[1] and

— February 11, 1997, temporary injunction specifically enjoining Butron from collecting his judgment against Cantu.

## III. The Accelerated Appeal

Butron brought an accelerated appeal from the February 1997 temporary injunction, and this Court recently ordered that injunction dissolved on the ground that it was beyond the power of the 93rd District Court to enjoin the collection of a judgment of the 138th District Court. *See Butron v. Cantu*, 960 S.W.2d 91 (Tex.App.—Corpus Christi, 1997, n.w.h.) (not yet reported).

## IV. Subsequent Orders of the Trial Court Preventing Execution

After this Court handed down its opinion in the accelerated appeal, Butron moved to set aside the partial summary judgment as well. The 93rd District Court, however, denied Butron's motion and declined to set aside the partial summary judgment. In addition, on September 4, 1997, the 93rd District Court granted an additional temporary restraining order preventing Butron from collecting his judgment by prohibiting Universal Security of America, Inc., the surety on the supersedeas bond, from demanding payment of a letter of credit issued by International Bank of Commerce as security for the bond.[2]

Finally, Cantu has recently, on September 17, 1997, filed another lawsuit against Universal Surety and International Bank of Commerce in the 370th District Court of Hidalgo County, seeking injunctive relief. On September 18, 1997, the trial court signed a temporary restraining order granting generally the same relief as had already been granted by the 93rd District Court, by prohibiting Universal Surety from making demand for funds under the letter of credit

---

1. Regardless of the fact that the trial court did not title its order an "injunction" or phrase it in terms specifically restraining Butron from executing his judgment against Cantu, the order implies that Butron is thereby prohibited from doing so. Whether or not a particular order is an "injunction" is determined by its legal substance, *i.e.*, the character and the function of the order, and not by its form or title. *Del Valle Independent School Dist. v. Lopez*, 845 S.W.2d 808, 809 (Tex.1992); *Markel v. World Flight, Inc.*, 938 S.W.2d 74, 78 (Tex.App.—San Antonio 1996, no writ); *Walls Regional Hosp. v. Altaras*, 903

S.W.2d 36, 44 n. 8 (Tex.App.—Waco 1994, orig. proceeding) (trial court order which "continued" hospital peer review committee hearing pending trial of physician's claim in court amounted to a temporary injunction). Accordingly, we will treat this portion of the partial summary judgment as granting essentially injunctive relief.

2. We note that the cause of action before the 93rd District Court was removed to federal court on September 10, 1997, but has now been remanded as of September 19, 1997.

issued by the International Bank of Commerce.

## V. Relief Requested by Original Proceedings Before this Court

By the present original proceedings, Butron requests mandamus relief to set aside the partial summary judgment and temporary restraining order of the 93rd District Court, writ of prohibition to prevent the trial court from issuing subsequent orders of the same nature, and an injunction to prevent Cantu from continuing to ask for such relief before other courts of this state. Finally, Butron asks this Court to hold Cantu in contempt for his continuing efforts to block collection of the judgment through *ex parte* proceedings in the courts below.

### a. mandamus

■ Generally, mandamus will issue only to correct a clear abuse of discretion or violation of a duty imposed by law when that abuse cannot be remedied by appeal. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992).

■ A court of appeals may issue a writ of mandamus to enforce its jurisdiction and to prevent the trial court from interfering with its judgments. *See* TEX. GOV'T CODE ANN. § 22.221(a) (Vernon 1988); *Upjohn Co. v. Marshall*, 843 S.W.2d 203, 204 (Tex.App.—Dallas 1992, no writ). Specifically, when the appellate court has once determined the validity of injunctive relief by interlocutory appeal, any attempt by the trial court to interfere with that determination by a subsequent inconsistent order is reviewable by mandamus and need not await further appeals. *See State v. Walker*, 679 S.W.2d 484, 485 (Tex. 1984) (when the court has once established the validity of a temporary injunction on appeal, mandamus is appropriate to review a subsequent order of the trial court dissolving that injunction).

■ In the present case, the trial court had no more authority to restrain Butron from executing his judgment by way of the partial summary judgment and temporary restraining order, than by the temporary injunction which this Court has already or-

dered set aside on appeal. Accordingly, the trial court erred in failing to set aside the partial summary judgment, and in entering the later temporary restraining order, for the same reasons explained by this Court in *Butron v. Cantu*.

Moreover, under the present circumstances, mandamus relief is appropriate to require the trial court to set aside orders that interfere with the execution of a sister court's judgment and challenge this Court's jurisdiction enforce its judgment. The trial court's failure to set aside the partial summary judgment and the continued issuance of temporary orders beyond its power and contrary to the prior judgment of this Court, impairs the effectiveness of the relief granted by this Court.

In addition to mandamus, the courts of appeals in Texas also have the authority to issue "all other writs necessary to enforce the jurisdiction of the court." *See* TEX. GOV'T CODE ANN. § 22.221(a) (Vernon 1988).

### b. prohibition

■ A writ of prohibition is used to protect the subject matter of an appeal or to prohibit an unlawful interference with the enforcement of a superior court's orders and judgments. *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 683 (Tex.1989); *Chang v. Resolution Trust Corp.*, 814 S.W.2d 543, 545 (Tex.App.—Houston [1st Dist.] 1991, orig. proceeding). The writ of prohibition has three functions: preventing interference with higher courts in deciding a pending appeal, preventing inferior courts from entertaining suits which will relitigate controversies which have already been settled by issuing courts, and prohibiting a trial court's action when it affirmatively appears that the court lacks jurisdiction. *Texas Capital Bank–Westwood v. Johnson*, 864 S.W.2d 186, 187 (Tex.App.—Texarkana 1993, orig. proceeding); *McClelland v. Partida*, 818 S.W.2d 453, 456 (Tex.App.—Corpus Christi 1991, orig proceeding). One of the purposes for which a writ of prohibition may be used is to prevent a court from exercising jurisdiction which it has no lawful right to exercise. *McClelland*, 818 S.W.2d at 456.

In the present case, the 93rd District Courts is continuing to act beyond its jurisdiction in attempting to block the execution of the judgment of a sister court and of this Court, and thus is subject to the writ of prohibition to prevent further interference.

### c. injunction

Under limited circumstances, Texas state courts have the power to restrain persons from proceeding with suits filed in other courts of this state. Accordingly, an anti-suit injunction is appropriate in four instances: 1) to address a threat to the court's jurisdiction; 2) to prevent the evasion of important public policy; 3) to prevent a multiplicity of suits; or 4) to protect a party from vexatious or harassing litigation. *Golden Rule Ins. Co. v. Harper,* 925 S.W.2d 649, 651 (Tex.1996) (per curiam); *Gannon v. Payne,* 706 S.W.2d 304, 307 (Tex.1986); *Fina Oil & Chemical Co. v. Alonso,* 941 S.W.2d 287, 290 (Tex.App.—Corpus Christi 1996, no writ).

In the present case, the continued issuance of temporary orders blocking the enforcement of Butron's judgment against Cantu threatens the jurisdiction of the 138th District Court, as well as this Court's authority to settle the validity of that judgment on appeal. It has created a multiplicity of suits and has prevented Butron from obtaining satisfaction of his judgment. Accordingly, we conclude that an injunction from this Court is appropriate to protect Butron from further harassment of this nature.

### VI.   Conclusion and Disposition

In the present case, the judgment of the 138th District Court, which has now become the final judgment of this Court after appeal and review have been exhausted, continues to be attacked by Cantu in both the 93rd District Court and now the 370th District Court of Hidalgo County. Neither court has jurisdiction to interfere with that judgment which, if any relief is to be afforded, must be pur-

sued by the bill of review challenge made in the same 138th District Court.[3]

We conditionally grant a writ of mandamus directing the 93rd District Court to vacate the temporary orders issued by it which interfere with the execution and enforcement of the judgment of the 138th District Court. We further grant a writ of prohibition prohibiting that court from issuing any such orders in the future with regard to the judgment of the 138th District Court. Finally, we grant a injunction, without bond, enjoining Mark A. Cantu and Roxanne Cantu, their agents, attorneys or anyone acting on their behalf, from filing any additional lawsuit or asking for additional relief within any pending action, whether in law or equity, that would impede or prevent the collection of the final judgment rendered by the 138th District Court. However, the writ of mandamus will not issue unless the trial court fails to comply with the opinion of this Court. We deny relators' request to hold Cantu in contempt for the proceedings that he has initiated and the relief that he has requested prior to the present order of this Court.

---

3. We note that Cantu has filed on August 28, 1996, a bill of review proceeding in the 138th District Court challenging the earlier judgment of that court on grounds of fraud and conspiracy and asking for a temporary injunction from that court to prevent Butron from executing on the allegedly fraudulent judgment. The 138th District Court denied the request for temporary injunction by order signed March 17, 1997, from which Cantu perfected an interlocutory appeal which is presently pending before this Court.