**In re COLUMBIA MEDICAL CENTER OF LAS COLINAS d/b/a Las Colinas Medical Center, Relator.**

No. 09–0733.

Supreme Court of Texas.

March 12, 2010.

R. Brent Cooper, Diana L. Faust, Michelle E. Robberson, Richard Clark Harrist, Cooper & Scully, P.C., Dallas, for Relator.

Melvin H. Wolovits, Melvin H. Wolovits, P.C., Darren Patrick Nicholson, Mark S. Werbner, Sayles/Werbner, P.C., Dallas, for Real Party in Interested.

PER CURIAM.

In this mandamus case, we must decide whether a trial court abused its discretion by refusing to reduce a punitive damages award where such damages were statutorily capped as measured against an economic damages award. We hold that it did. In a previous appeal of this same underlying case, we rendered a judgment that reduced the amount of economic damages awarded. *Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 257 (Tex.2008). Although our judgment did not also expressly order a reduction of the award of punitive damages, it is what the statute requires. *See* TEX. CIV. PRAC. & REM.CODE § 41.008(b). Accordingly, we conditionally grant the writ of mandamus.

In the underlying suit, the widow and sons of Robert Hogue, Jr. won a jury verdict on their medical malpractice claims against Columbia Medical Center. The trial court and court of appeals awarded them economic and punitive damages. *Id.* (capping any punitive damages award at (1) two times any amount of economic damages plus (2) an amount equal to any noneconomic damages not exceeding $750,000). On appeal, we reversed the judgment of the court of appeals in part, vacating a portion of the economic damages award—loss of inheritance damages—for want of legally sufficient evidence, while affirming the rest of the judgment. *Columbia Med. Ctr.*, 271 S.W.3d at 257. Our judgment read in relevant part:

1) The portion of the court of appeals' judgment awarding loss of inheritance damages is reversed and judgment is rendered that the respondents take nothing on that claim;
2) The remaining portions of the court of appeals' judgment are affirmed; and
3) Petitioner shall bear the costs incurred in this Court and in the court of appeals.

After our mandate issued, Columbia attempted to tender payment to the Hogues, subtracting the loss of inheritance damages amount, and reducing the punitive damages amount proportionately. When the Hogues refused this payment, Columbia moved the trial court to enter a modified final judgment that would effectuate our mandate by reducing the economic damages award appropriately, as well as by reducing the punitive damages award to twice the amount of the economic damages award we affirmed, plus interest. The trial court denied the motion after a hearing, leaving intact the court of appeals' punitive damages award, which had been measured against an economic damages award that included loss of inheritance damages. As a result, the amount of punitive damages awarded by the final judgment exceeds the statutory cap.

Columbia petitioned this Court for mandamus relief. We have jurisdiction to

issue writs of mandamus to enforce our orders. *See Lee v. Downey,* 842 S.W.2d 646, 648 (Tex.1992) (observing that a party may seek a writ of mandamus if a trial court fails to issue judgment in accordance with this Court's mandate); *Gammel Statesman Publ'g Co. v. Ben C. Jones & Co.,* 206 S.W. 931, 932–33 (Tex. Comm'n App.1918, holding approved, judgm't adopted) ("[This Court's] jurisdiction continues until the case is fully determined by the court and its judgment is completely executed by the court below.").

■ A writ of mandamus will issue when a trial court clearly abuses its discretion and there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 135–36 (Tex.2004). A trial court abuses its discretion when it fails to analyze or apply the law correctly. *In re Poly–America, L.P.,* 262 S.W.3d 337, 346–47 (Tex.2008).

■ Punitive damages awards that are statutorily capped are required to be recalculated when the actual damages against which they are measured are reduced on appeal. *See, e.g., Gunn Infiniti, Inc. v. O'Byrne,* 996 S.W.2d 854, 861 (Tex.1999) (vacating mental anguish damages because of legally insufficient evidence and reforming the judgment to reflect recalculated Deceptive Trade Practices Act damages at three times economic damages); *Gen. Chem. Corp. v. De La Lastra,* 852 S.W.2d 916, 924 (Tex.1993) (remanding for a recalculation of the punitive damages cap because wrongful death damages must be excluded); *see also Seminole Pipeline Co. v. Broad Leaf Partners, Inc.,* 979 S.W.2d 730, 760–61 (Tex.App.-Houston [14th Dist.] 1998, no pet.) ("Because the award for . . . mental anguish is vacated, the punitive damage cap and prejudgment interest must be recalculated."). Indeed, the Hogues do not dispute that an order expressly requiring a reduction of the punitive damages award would have been proper. The question presented here, though, is whether our judgment had that effect.

■ Although our judgment did not expressly address the amount of punitive damages, the statute capping punitive damages as measured against economic damages requires a reduction in punitive damages as a matter of law. *See Gen. Chem. Corp.,* 852 S.W.2d at 924. We hold that, regardless of whether an appellate court judgment expressly commands it, trial courts must give effect to statutory caps on damages when the parties raise the issue. Accordingly, to give full effect to our judgment vacating a portion of economic damages, the trial court was required to reduce the punitive damages award in compliance with the statutory cap. By failing to do so, the trial court abused its discretion. *See In re Poly–America,* 262 S.W.3d at 346–47. Because this issue arises in connection with a final judgment following an appeal to this Court, we conclude that Columbia now has no other adequate remedy by appeal. For these reasons, and without hearing oral argument, *see* TEX.R.APP. P. 52.8(c), we grant the petition for writ of mandamus and direct the trial court to vacate its order denying Columbia's motion to modify the judgment, and to enter a final judgment making an appropriate reduction of the punitive damages award. We trust the trial court will comply, and the writ will issue only if it fails to do so.