Petition for Writ of Mandamus Denied and
Memorandum Opinion filed October 28, 2010

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00766-CV



 

In Re Lydia GonzaleZ,
Relator



 



ORIGINAL
PROCEEDING



WRIT OF MANDAMUS



MEMORANDUM
 OPINION

On August 16, 2010, relator, Lydia Gonzalez, filed a
petition for writ of mandamus in this Court.  See Tex. Gov’t Code Ann.
§22.221 (West 2004); see also Tex. R. App. P. 52.  In the petition,
relator asks this Court to compel the Honorable Bonnie Crane Hellums, presiding
judge of the 247th District Court of Harris County, to (1) transfer the
underlying case to the 312th District Court; and (2) vacate as void all orders
signed by the 247th District Court that affect the August 15, 2008 order signed
by the 312th District Court.  

            To
be entitled to the extraordinary relief of a writ of mandamus, the relator must
show that the trial court abused its discretion and there is no adequate remedy
by appeal.  In re Laibe Corp., 307 S.W.3d 314, 316 (Tex. 2010) (orig.
proceeding) (per curiam).  A trial court abuses its discretion if it reaches a
decision so arbitrary and unreasonable as to constitute a clear and prejudicial
error of law, or if it clearly fails to correctly analyze or apply the law.  In
re Columbia Med. Ctr. of Las Colinas, 306 S.W.3d 246, 248 (Tex. 2010)
(orig. proceeding) (per curiam); In re Cerberus Capital Mgmt., L.P., 164
S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam).  When an order is
void, the relator need not show that she does not have an adequate appellate
remedy, and mandamus relief is appropriate.  In re Sw. Bell Tel. Co., 35
S.W.3d 602, 065 (Tex. 2000) (orig. proceeding) (per curiam).  

The petition for writ of mandamus focuses on the
interplay of the following suits:

·       
A suit affecting the parent-child relationship filed by relator
in the 247th District Court in cause no. 2008-22043 on April 11, 2008.  The
suit was nonsuited on November 6, 2008.  We refer to this as the “Nonsuited
SAPCR.” 

·       
A suit to establish the parent-child relationship filed by the
Texas Attorney General in the 312th District Court in cause no. 2008-47496 on
August 7, 2008.  A final agreed child support review and paternity order was signed
on August 15, 2008.  We refer to this as the “Paternity Suit.”  

·       
A petition for divorce filed by Agapito Gonzalez in the 247th District
Court in cause no. 2010-08118 on February 8, 2010.  We refer to this as the “Divorce
Suit.” 

Judge Hellums denied
relator’s request to transfer the Divorce Suit from the 247th District Court to
the 312th District Court.  Instead, finding that Paternity Suit and the Divorce
Suit “involve common questions of law and fact relating to the support of the
same minor children,” Judge Hellums transferred the Paternity Suit from the
312th District Court to the 247th District Court and consolidated it into the Divorce
Suit.  

Relator contends that the 247th District Court abused
its discretion by failing to transfer the Divorce Suit to the 312th District
Court.  According to relator, the 312th District Court is the court of
continuing and exclusive jurisdiction because it issued a final child support
review and paternity order in the Paternity Suit.  

Relator’s argument fails under section 155.201(a) of
the Texas Family Code, entitled “Mandatory Transfer.”  Upon the filing of a
motion showing that a suit for dissolution of the marriage has been filed in
another court and requesting a transfer to that court, section 155.201(a)
mandates that a court having continuing, exclusive jurisdiction of a SAPCR must
transfer the SAPCR to the court in which the suit for dissolution of the
marriage is pending.  Tex. Fam. Code Ann. § 155.201(a) (West 2008); see also
Tex. Fam. Code Ann. § 6.407(a) (West Supp. 2009) (“If a suit affecting the
parent-child relationship is pending at the time the suit for dissolution of a
marriage is filed, the suit affecting the parent-child relationship shall be
transferred as provided by Section 103.002 to the court in which the suit for
dissolution is filed.”).  

In light of sections 6.407(a) and 155.201(a), the
247th District Court was not required to transfer the Divorce Suit to the 312th
District Court where the Paternity Suit was pending.  To the contrary, the
312th District Court was required under sections 6.407(a) and 155.201(a) to
transfer the Paternity Suit to the 247th District Court where the Divorce Suit
is pending.  Therefore, relator is not entitled to a writ of mandamus directing
the 247th District Court to transfer the Divorce Suit to the 312th District
Court.

There is no order from the 312th District Court
transferring the Paternity Suit to the 247th District Court.  Rather, the 247th
District Court signed an order that transferred and consolidated the Paternity Suit
into the Divorce Suit because of “common questions of fact and law relating to
the support of the same minor children.”  Relator does not challenge the
mechanism by which the transfer was accomplished, or the absence of a motion
under section 155.201(a).  Relator’s mandamus is predicated on his contention
that the 247th District Court is required to transfer the Divorce Suit to the
312th District Court.  As discussed above, relator’s contention is erroneous under
sections 6.407(a) and 155.201(a).[1]
 

A trial court does not abuse its discretion by taking
a different path to the correct destination; we will uphold its order on any
ground supported by the record.  In re Stanford Group Co., 273 S.W.3d
807, 813 (Tex. App.—Houston [14th Dist] 2008, orig. proceeding).  Therefore, we
will not disturb the 247th District Court’s consolidation order.  See In re
Aguilera, 37 S.W.3d 43, 50 (Tex. App.—El Paso 2000, orig. proceeding)
(“[W]hile the ‘consolidation’ may more appropriately have been termed a ‘transfer,’
we believe it accomplished the same purpose.”).  Because the Paternity Suit
properly belongs in the 247th District Court, we also reject relator’s
contention that the 247th District Court acted beyond its jurisdiction when it
signed orders addressing the August 15, 2008 child support review and paternity
order issued by the 312th District Court in the Paternity Suit.  

Accordingly, we deny relator’s petition for writ of
mandamus.  The emergency motion to stay proceedings is denied as moot.

 

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices Seymore, Boyce, and Christopher.

 









[1]
In light of this disposition, we do not address the effect, if any, that the
Nonsuited SAPCR had on the determination regarding the propriety of
transferring the Paternity Suit to the 247th District Court.