

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-10-00337-CV

IN RE MARY RICHARDSON                            RELATOR

------------

## ORIGINAL PROCEEDING

------------

## OPINION

----------

### I. INTRODUCTION

This original proceeding stems from a prior interlocutory appeal and judgment issued by this court. *See Foster v. Richardson*, 303 S.W.3d 833 (Tex. App.—Fort Worth 2009, no pet.). Because the trial court has issued an order that fails to carry out our mandate and interferes with our judgment in this prior appeal, we will conditionally grant the petition for writ of mandamus.

## II. The Prior Interlocutory Appeal(s)[1]

In the prior interlocutory appeal pertinent to this original proceeding, Daniel L. Foster, D.O. appealed the trial court's order denying his motion to dismiss Mary Richardson's health care liability claim against him for failure to file an adequate expert report as required by chapter 74 of the civil practice and remedies code. *Foster,* 303 S.W.3d at 833. In that appeal, we affirmed in part the trial court's order denying Dr. Foster's motion to dismiss, and we reversed and remanded in part. *Id*. at 836. Specifically, we found Richardson's expert's report on causation adequate as to one of her claims and inadequate as to another of her claims. *Id*. at 841–42.

We held that the expert report adequately addressed causation on Richardson's claim that Dr. Foster's alleged misdiagnosis of her ankle fracture caused her to suffer an additional approximately one month of pain and disability. *Id*. We explained that the report was adequate on the causation element of this claim because the report adequately

> links Richardson's continued pain and disability related to the fracture to Dr. Foster's erroneous diagnosis for as long a period— here, more than a month—until her condition was correctly diagnosed and treated.
>
> . . . .

---

[1]This is the third opinion we have issued in this case, all dealing with the same expert report—*In re Richardson*, No. 02-10-00077-CV (the present case), *Otero v. Richardson*, No. 02-09-00401-CV, 2010 WL 3834519 (Tex. App.—Fort Worth Sept. 30 2010, no pet. h.), and *Foster*, 303 S.W.3d at 833.

For these reasons, we hold that, to the extent that Richardson's claim against Dr. Foster concerns her prolonged pain because of his alleged misdiagnosis, the trial court did not abuse its discretion by denying Dr. Foster's motion to dismiss based on his allegation that [Richardson's expert's] causation opinion is factually unsupported or inadequately explained.

*Id.* at 840–41 (footnote omitted). We held that the expert report inadequately addressed causation on Richardson's claim that Dr. Foster's alleged misdiagnosis caused Richardson to require ankle surgeries or caused other harmful conditions related to the surgeries. *Id.* We explained that, according to Richardson's expert, another doctor had failed for six months to diagnose Richardson's ankle fracture and that

[Richardson's expert's] report does not identify how Dr. Foster's alleged misdiagnosis in June 2007, which caused about one month's delay in correctly diagnosing the ankle injury after the correct diagnosis had already been delayed for about six months since the initial injury in December 2006, contributed to the requirement of such exhaustive care. In other words, the report does not explain beyond mere conjecture how the condition of Richardson's ankle worsened from June 2007 to July so that Dr. Foster's failure to give a correct diagnosis in June caused the requirement of further treatment in July that would not have otherwise been required if Dr. Foster had correctly diagnosed the injury. Thus, we hold that the trial court abused its discretion to the extent that it found that [Richardson's expert] provided a sufficient explanation about Dr. Foster's actions causing Richardson's ankle treatment.

*Id.* at 842 (citation omitted).

In light of these holdings, we set forth our conclusion:

Having overruled the majority of Dr. Foster's sole issue regarding Richardson's assertion that his alleged misdiagnosis caused her additional pain, we affirm the trial court's order denying his motion to dismiss as to that issue. Having sustained a portion of Dr. Foster's sole issue concerning Richardson's assertion that his

3

alleged misdiagnosis caused her need for ankle surgeries and having found [Richardson's expert's] report deficient as to that causal relationship, we reverse the trial court's decision regarding the sufficiency of the report in that regard and remand this case to that court to consider the issue of whether to grant Richardson a thirty-day extension to cure that deficiency.

*Id.* at 845–46. Neither Dr. Foster nor Richardson filed a petition for review after we issued our judgment, and our mandate issued on March 11, 2010.

Our mandate to the 17th District Court provided, in pertinent part:

This court has considered the record on appeal in this case and holds that there was error in part of the trial court's judgment. It is ordered that the judgment of the trial court is affirmed in part and reversed and remanded in part. We affirm that portion of the trial court's judgment denying appellant's motion to dismiss. We reverse that portion of the trial court's judgment regarding the sufficiency of the expert report as to the causal relationship between the alleged misdiagnosis and appellee's need for surgery. We remand this case for consideration of whether to grant appellee a thirty-day extension to cure that deficiency and for further proceedings consistent with this opinion.

### III. THE TRIAL COURT PROCEEDING

After we issued our opinion and judgment in *Foster* and the case was remanded to the trial court, Richardson elected to not file an amended expert report curing, if possible, the causation inadequacy addressed in our opinion as set forth above. She decided instead to move forward only on the claim on which, as addressed in our opinion, her expert had set forth an adequate causation opinion—the claim that Dr. Foster's alleged misdiagnosis of her ankle fracture caused her a prolonged, approximately one-month period of pain and disability.

4

Dr. Foster, however, filed a second motion to dismiss. He argued that because Richardson had not filed an amended expert report, all of her claims against him must be dismissed.[2] Richardson filed a response to Dr. Foster's second motion to dismiss pointing out that this court had found her expert's report sufficient as to her claim that Dr. Foster's alleged misdiagnosis of her ankle fracture caused her a prolonged period of pain and disability. The trial court granted Dr. Foster's motion and dismissed all of Richardson's claims against him.

## IV. THIS MANDAMUS

Richardson filed this original proceeding claiming that the trial court had abused its discretion by dismissing for an inadequate expert report the very claim that this court had reviewed and found that her expert report adequately addressed. We requested a response to Richardson's petition for writ of mandamus, and Dr. Foster filed one.

Upon receiving the appellate court's mandate, the lower court has a mandatory, ministerial duty to enforce the appellate court's judgment. *See* Tex. R. App. P. 51.1(b); *In re Marriage of Grossnickle*, 115 S.W.3d 238, 243 (Tex.

___

[2]Dr. Foster's motion alleged that since the appeal

Plaintiff has not requested a thirty-day extension of time to cure the deficiency in [her expert's] report and has not filed an amended expert report curing such deficiency. Accordingly, Plaintiff has waived any right to cure the deficiencies . . . and Dr. Foster is entitled to dismissal from this lawsuit, recovery of his attorneys' fees, costs, and severance.

App.—Texarkana 2003, no pet.). The lower court has no discretion to review or interpret the mandate but, instead, must carry out the mandate. *Grossnickle*, 115 S.W.3d at 243; *see also In re Columbia Med. Ctr. of Las Colinas*, 306 S.W.3d 246, 248 (Tex. 2010) (orig. proceeding). A court of appeals may issue a writ of mandamus to enforce its jurisdiction and to prevent the trial court from interfering with its judgments. *See* Tex. Gov't Code Ann. § 22.221(a) (Vernon 2004); *In re Johnson*, 961 S.W.2d 478, 481 (Tex. App.—Corpus Christi 1997, orig. proceeding) (conditionally granting writ of mandamus directing trial court to vacate orders issued by it that interfered with execution and enforcement of judgment); *Upjohn Co. v. Marshall*, 843 S.W.2d 203, 204 (Tex. App.—Dallas 1992, orig. proceeding) (same).

The trial court's August 30, 2010 order dismissing Richardson's claim against Dr. Foster for the prolonged pain and disability caused by his alleged misdiagnosis of her ankle fracture fails to carry out our March 11, 2010 mandate affirming the portion of the trial court's judgment that denied Foster's motion to dismiss and interferes with our opinion and judgment holding that Richardson's expert's report (the exact same report Richardson relies on in the trial court) was adequate as to that claim. Thus, the trial court's August 30, 2010 order constitutes an abuse of discretion. *See*, *e.g.*, *Columbia Med. Ctr.*, 306 S.W.3d at 248 (holding that trial court was required to give full effect to supreme court's judgment and that "[b]y failing to do so, the trial court abused its discretion").

6

Dr. Foster argues that mandamus is inappropriate because Richardson has an adequate remedy at law by way of an interlocutory appeal of the trial court's dismissal order. But we have already addressed in an interlocutory appeal the adequacy of Richardson's expert's report on her claim against Dr. Foster for misdiagnosing her ankle fracture and thereby causing her an approximately one-month period of prolonged pain and disability. *Foster*, 303 S.W.3d at 840–41. We held that the report was adequate as to this claim. *Id*. Richardson is not required to perfect a second interlocutory appeal in order to require the trial court to give effect to our judgment and mandate in *Foster.* Requiring Richardson to pursue a second interlocutory appeal to obtain relief we have already granted in a prior interlocutory appeal is not an adequate remedy at law. *See Columbia Med. Ctr.*, 306 S.W.3d at 248 (explaining that "[b]ecause this issue arises in connection with a final judgment following an appeal to this Court, we conclude that Columbia now has no other adequate remedy by appeal"); *see generally In re Masonite Corp*., 997 S.W.2d 194, 198 (Tex. 1999) (orig. proceeding) (recognizing appellate remedy inadequate when trial court's abuse of discretion constituted automatic reversible error).

## V. CONCLUSION

Because the trial court's August 30, 2010 dismissal order fails to carry out our mandate issued in *Foster* and interferes with our judgment in *Foster*, we conditionally grant a writ of mandamus directing the trial court to vacate its August 30, 2010 order granting Dr. Foster's second motion to dismiss to the

7

extent that it dismisses Richardson's claim against Dr. Foster for prolonged pain and disability during the approximately one-month time period attributable to his alleged misdiagnosis of her ankle fracture. *See Columbia Med. Ctr.,* 306 S.W.3d at 248; *see also Johnson*, 961 S.W.2d at 481 ("[W]hen the appellate court has once determined the validity of injunctive relief by interlocutory appeal, any attempt by the trial court to interfere with that determination by a subsequent inconsistent order is reviewable by mandamus."); *Upjohn Co.*, 843 S.W.2d at 204–05 ("The [trial court] order threatens interference with this Court's judgment in that appeal.").

The writ will issue only if the trial court fails to comply with this opinion.


SUE WALKER
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and WALKER, JJ.

DELIVERED:  November 2, 2010