2-10-337-CV















 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-10-00337-CV 

 

 


 
 
 In re Mary Richardson
 
 
  
 
 
 RELATOR
 
 


 

 

------------

 

ORIGINAL PROCEEDING

------------

OPINION

----------

I.  Introduction

This
original proceeding stems from a prior interlocutory appeal and judgment issued
by this court.  See Foster v.
Richardson, 303 S.W.3d 833 (Tex. App.—Fort Worth 2009, no pet.).  Because the trial court has issued an order
that fails to carry out our mandate and interferes with our judgment in this
prior appeal, we will conditionally grant the petition for writ of mandamus.




II.  The Prior Interlocutory Appeal(s)[1]

In
the prior interlocutory appeal pertinent to this original proceeding, Daniel L.
Foster, D.O. appealed the trial court=s
order denying his motion to dismiss Mary Richardson=s
health care liability claim against him for failure to file an adequate expert
report as required by chapter 74 of the civil practice and remedies code.  Foster, 303 S.W.3d at 833.  In
that appeal, we affirmed in part the trial court=s
order denying Dr. Foster=s motion to dismiss, and we
reversed and remanded in part.  Id.
at 836.  Specifically, we found
Richardson=s
expert=s
report on causation adequate as to one of her claims and inadequate as to
another of her claims.  Id. at 841–42.

We
held that the expert report adequately addressed causation on Richardson=s
claim that Dr. Foster=s alleged misdiagnosis of
her ankle fracture caused her to suffer an additional approximately one month
of pain and disability. Id.  We explained that the report was adequate on
the causation element of this claim because the report adequately

links Richardson=s continued pain and
disability related to the fracture to Dr. Foster=s erroneous diagnosis
for as long a period––here, more than a month––until her condition was
correctly diagnosed and treated.

 

. . . .

 

For these reasons, we
hold that, to the extent that Richardson=s claim against Dr. Foster concerns her
prolonged pain because of his alleged misdiagnosis, the trial court did not
abuse its discretion by denying Dr. Foster=s motion to dismiss based on his allegation
that [Richardson=s expert=s] causation opinion
is factually unsupported or inadequately explained.

 

Id. at 840–41 (footnote omitted).  We held that the expert report inadequately
addressed causation on Richardson=s
claim that Dr. Foster=s alleged misdiagnosis
caused Richardson to require ankle surgeries or caused other harmful conditions
related to the surgeries.  Id.  We
explained that, according to Richardson=s
expert, another doctor had failed for six months to diagnose Richardson=s
ankle fracture and that

[Richardson=s expert=s] report does not
identify how Dr. Foster’s alleged misdiagnosis in June 2007, which caused about
one month’s delay in correctly diagnosing the ankle injury after the correct
diagnosis had already been delayed for about six months since the initial
injury in December 2006, contributed to the requirement of such exhaustive
care.  In other words, the report does
not explain beyond mere conjecture how the condition of Richardson’s ankle
worsened from June 2007 to July so that Dr. Foster’s failure to give a correct
diagnosis in June caused the requirement of further treatment in July that
would not have otherwise been required if Dr. Foster had correctly diagnosed
the injury.  Thus, we hold that the trial
court abused its discretion to the extent that it found that [Richardson=s expert] provided a
sufficient explanation about Dr. Foster=s actions causing Richardson=s ankle treatment.

 

Id. at 842 (citation omitted).

 

In light of these
holdings, we set forth our conclusion:

 

Having overruled the
majority of Dr. Foster’s sole issue regarding Richardson’s assertion that his
alleged misdiagnosis caused her additional pain, we affirm the trial court’s
order denying his motion to dismiss as to that issue.  Having sustained a portion of Dr. Foster’s
sole issue concerning Richardson’s assertion that his alleged misdiagnosis
caused her need for ankle surgeries and having found [Richardson=s expert=s] report deficient
as to that causal relationship, we reverse the trial court’s decision regarding
the sufficiency of the report in that regard and remand this case to that court
to consider the issue of whether to grant Richardson a thirty‑day extension
to cure that deficiency.

 

Id. at 845–46. 
Neither Dr. Foster nor Richardson filed a petition for review after we
issued our judgment, and our mandate issued on March 11, 2010.

Our
mandate to the 17th District Court provided, in pertinent part:

This court has
considered the record on appeal in this case and holds that there was error in
part of the trial court=s judgment.  It is ordered that the judgment of the trial
court is affirmed in part and reversed and remanded in part.  We affirm that portion of the trial court=s judgment denying
appellant=s motion to
dismiss.  We reverse that portion of the
trial court=s judgment regarding
the sufficiency of the expert report as to the causal relationship between the
alleged misdiagnosis and appellee=s need for surgery.  We remand this case for consideration of
whether to grant appellee a thirty-day extension to cure that deficiency and
for further proceedings consistent with this opinion.

 

III.  The Trial
Court Proceeding

After
we issued our opinion and judgment in Foster and the case was remanded
to the trial court, Richardson elected to not file an amended expert report
curing, if possible, the causation inadequacy addressed in our opinion as set
forth above.  She decided instead to move
forward only on the claim on which, as addressed in our opinion, her expert had
set forth an adequate causation opinion––the claim that Dr. Foster=s
alleged misdiagnosis of her ankle fracture caused her a prolonged, approximately
one-month period of pain and disability.

Dr.
Foster, however, filed a second motion to dismiss.  He argued that because Richardson had not
filed an amended expert report, all of her claims against him must be
dismissed.[2]  Richardson filed a response to Dr. Foster=s
second motion to dismiss pointing out that this court had found her expert=s
report sufficient as to her claim that Dr. Foster=s
alleged misdiagnosis of her ankle fracture caused her a prolonged period of
pain and disability.  The trial court granted
Dr. Foster=s
motion and dismissed all of Richardson=s
claims against him.

IV.  This
Mandamus

Richardson
filed this original proceeding claiming that the trial court had abused its
discretion by dismissing for an inadequate expert report the very claim that
this court had reviewed and found that her expert report adequately
addressed.  We requested a response to
Richardson=s
petition for writ of mandamus, and Dr. Foster filed one.

Upon
receiving the appellate court’s mandate, the lower court has a mandatory,
ministerial duty to enforce the appellate court’s judgment.  See Tex. R. App. P. 51.1(b); In re
Marriage of Grossnickle, 115 S.W.3d 238, 243 (Tex. App.—Texarkana 2003, no
pet.).  The lower court has no discretion
to review or interpret the mandate but, instead, must carry out the
mandate.  Grossnickle, 115 S.W.3d
at 243; see also In re Columbia Med. Ctr. of Las Colinas, 306 S.W.3d
246, 248 (Tex. 2010) (orig. proceeding). 
A court of appeals may issue a writ of mandamus to enforce its
jurisdiction and to prevent the trial court from interfering with its
judgments.  See Tex. Gov=t
Code Ann. § 22.221(a) (Vernon 2004); In re Johnson, 961 S.W.2d 478, 481
(Tex. App.—Corpus Christi 1997, orig. proceeding) (conditionally granting writ of
mandamus directing trial court to vacate orders issued by it that interfered
with execution and enforcement of judgment); Upjohn Co. v. Marshall, 843
S.W.2d 203, 204 (Tex. App.—Dallas 1992, orig. proceeding) (same).

The
trial court=s
August 30, 2010 order dismissing Richardson=s
claim against Dr. Foster for the prolonged pain and disability caused by his
alleged misdiagnosis of her ankle fracture fails to carry out our March 11,
2010 mandate affirming the portion of the trial court=s
judgment that denied Foster=s
motion to dismiss and interferes with our opinion and judgment holding that
Richardson=s
expert=s
report (the exact same report Richardson relies on in the trial court) was
adequate as to that claim.  Thus, the
trial court=s
August 30, 2010 order constitutes an abuse of discretion.  See, e.g., Columbia Med. Ctr., 306 S.W.3d at 248 (holding that trial court was required to
give full effect to supreme court=s
judgment and that A[b]y failing to do so, the
trial court abused its discretion@).

Dr. Foster
argues that mandamus is inappropriate because Richardson has an adequate remedy
at law by way of an interlocutory appeal of the trial court=s
dismissal order.  But we have already
addressed in an interlocutory appeal the adequacy of Richardson=s
expert=s
report on her claim against Dr. Foster for misdiagnosing her ankle fracture and
thereby causing her an approximately one-month period of prolonged pain and
disability.  Foster, 303 S.W.3d at
840–41.  We held that the report was
adequate as to this claim.  Id.  Richardson is not required to perfect a
second interlocutory appeal in order to require the trial court to give effect
to our judgment and mandate in Foster. 
Requiring Richardson to pursue a second interlocutory appeal to obtain
relief we have already granted in a prior interlocutory appeal is not an
adequate remedy at law.  See Columbia
Med. Ctr., 306 S.W.3d at
248 (explaining that A[b]ecause this issue arises
in connection with a final judgment following an appeal to this Court, we
conclude that Columbia now has no other adequate remedy by appeal”); see generally
In re Masonite Corp., 997 S.W.2d 194, 198 (Tex. 1999) (orig. proceeding)
(recognizing appellate remedy inadequate when trial court=s
abuse of discretion constituted automatic reversible error).

V.  Conclusion

Because
the trial court=s August 30, 2010 dismissal
order fails to carry out our mandate issued in Foster and interferes
with our judgment in Foster, we conditionally grant a writ of mandamus
directing the trial court to vacate its August 30, 2010 order granting Dr.
Foster=s
second motion to dismiss to the extent that it dismisses Richardson=s
claim against Dr. Foster for prolonged pain and disability during the approximately
one-month time period attributable to his alleged misdiagnosis of her ankle
fracture.  See Columbia Med.
Ctr., 306 S.W.3d at 248; see also Johnson, 961 S.W.2d at 481 (A[W]hen
the appellate court has once determined the validity of injunctive relief by
interlocutory appeal, any attempt by the trial court to interfere with that
determination by a subsequent inconsistent order is reviewable by mandamus.@); Upjohn
Co., 843 S.W.2d at 204–05 (AThe
[trial court] order threatens interference with this Court=s
judgment in that appeal.@).

The
writ will issue only if the trial court fails to comply with this opinion.

 

 

SUE WALKER
JUSTICE

 

PANEL:  LIVINGSTON, C.J.;
DAUPHINOT and WALKER, JJ.

 

DELIVERED:  November 2, 2010











[1]This is the third
opinion we have issued in this case, all dealing with the same expert report—In
re Richardson, No. 02-10-00077-CV (the present case), Otero v.
Richardson, No. 02-09-00401-CV, 2010 WL 3834519 (Tex. App.CFort Worth Sept. 30
2010, no pet. h.), and Foster, 303 S.W.3d at 833.





[2]Dr. Foster=s motion alleged that
since the appeal

 

Plaintiff has not requested a thirty-day extension of
time to cure the deficiency in [her expert=s] report and has not filed an amended expert
report curing such deficiency. 
Accordingly, Plaintiff has waived any right to cure the deficiencies . .
. and Dr. Foster is entitled to dismissal from this lawsuit, recovery of his
attorneys= fees, costs, and
severance.