

## NUMBER 13-19-00030-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

CITY OF LAREDO, WEBB COUNTY,
LAREDO COLLEGE, AND
U.S. TRAILERS RELOCATORS, LLC,                    Appellants,

v.

THE UNITED INDEPENDENT SCHOOL DISTRICT,          Appellee.

On appeal from the 49th District Court
of Webb County, Texas.

## MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Tijerina**
**Memorandum Opinion by Justice Tijerina**

Appellant and cross-appellees U.S. Trailers Relocators, LLC (Trailers) appeal the

trial court's monetary judgment for ad valorem taxes in favor of appellee The United

Laredo Independent School District (UISD). By its sole issue, Trailers contends that the

evidence is legally and factually insufficient to support the trial court's judgment.[1] Appellants, the City of Laredo, Laredo Community College, and Webb County (collectively "appellants"), contend that the trial court abused its discretion by denying their requested relief because the trial court's proceedings were in rem and their rights and interests are so intertwined with those of UISD that appellants may benefit from a judgment from the Fourth Court of Appeals. We affirm.

## I. BACKGROUND

This case was originally decided in the trial court in favor of Trailers. UISD appealed the trial court's judgment to the Fourth Court of Appeals. The Fourth Court of Appeals reversed the trial court's judgment in a memorandum opinion in favor of UISD. *See United Indep. Sch. Dist. v. U.S. Trailers Relocators*, LLC, No. 04-17-0028, 2018 WL 2943821, at *1 (Tex. App.—San Antonio June 13, 2018, no pet.) (mem. op.). The facts as set out by the appellate court in its memorandum opinion have not changed. *See id.*

### A. First Trial

On February 6, 2016, UISD filed an original petition to collect delinquent taxes from Trailers, alleging it owed ad valorem taxes on its commercial trucks. *Id.* UISD sought judgment against Trailers for all taxes, penalties, and interest owed and foreclosure of its tax lien for the years 2012 and 2013 on Trailers's property. *Id.* On July 6, 2018, UISD sought to foreclose the tax lien securing payment of the tax delinquency, and the trial court held a bench hearing. *Id.*

---

[1] This case is before this Court on transfer from the Fourth Court of Appeals in San Antonio pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

During a bench trial, UISD presented certified copies of Trailers's tax statement showing the amount of taxes, penalties, and interest Trailers owed for years 2012 and 2013. Trailers submitted evidence that it no longer owned thirteen of the taxed commercial trucks, which Webb County alleged Trailers owned in 2012 and 2013. *Id.* Trailers acknowledged that it did not file a rendition statement of its personal property with Webb County in 2012 or 2013. *Id.* In 2014, Trailers filed notices of protest for the 2012 and 2013 appraisals, but the appraisal review board dismissed Trailers's protests for lack of jurisdiction. *Id.* Trailers did not seek judicial review of Webb County's denial of the protests. *Id.*

The trial court determined that Trailers did not own thirteen of the listed commercial trucks for the years 2012 and 2013 and signed a judgment in favor of Trailers. *Id.* UISD filed a motion for new trial, which the trial court granted, stating "[t]he Court only intended to rule that no tax was owed on the equipment not owned by [Trailers] that had been erroneously included" and the judgment "appears to reflect erroneously that [UISD] recover no taxes at all." *Id.*

**B.    Second Trial**

On April 13, 2017, the trial court conducted a second bench trial on the merits. *Id.* at *2. UISD presented evidence that Trailers owed UISD $13,450.22 in taxes and late penalties for 2012 and $18,197.56 in taxes and late penalties for 2013 based on the appraised value of Trailers's property as provided to UISD by Webb County. *Id.* Trailers argued the amount of taxes it owed was less than the amount alleged by UISD because Webb County should have apportioned the value of the equipment that Trailers owned in

3

2012 and 2013, and Trailers did not own thirteen of the listed commercial trucks. In this regard, "the trial court explained it was still the court's ruling that [Trailers] did not own the trucks previously mentioned and [Trailers] should not owe any taxes on those trucks." *Id*. Furthermore, the trial court stated that this trial was solely to determine the appraised value of the commercial trucks Trailers did own on January 1 of 2012 and 2013, and not revisit the issues resolved in the first trial. *Id*. On April 20, 2017, the trial court found that Trailers paid all the taxes it owed on the trucks it owned in 2012 and 2013 and signed an order decreeing that Trailers "owes no taxes claimed in this matter." *Id.* at *2.

## C.    Previous Appeal

UISD appealed contending that: (1) non-ownership of property of the subject tax year is not a defense to in-rem liability in a delinquent tax suit; and (2) "the trial court erred by admitting valuation evidence in a delinquent tax suit that was not an appeal from a decision of the county's appraisal review board." *Id*. On appeal, the appellate court determined that:

> At both trials, UISD presented certified copies of [Trailers's] tax statement showing the amount of taxes, penalties, and interest owed by [Trailers] for years 2012 and 2013, which constituted "prima facie evidence . . . that the amount of tax alleged to be delinquent against the property and the amount of penalties and interest due on that tax as listed are the correct amounts." *See id*. § 33.47(a). After UISD made its prima facie case by introducing the tax records required by Section 33.47(a), the burden shifted to [Trailers] to show, by introducing competent evidence, that it paid the full amount of taxes, penalties, and interest or that there is some other defense that applies to the case. *See Reinmiller v. Cty.* [sic] *of Dallas*, 212 S.W.3d 835, 837 (Tex. App.—Eastland 2006, pet. denied).

*Id.* at *3. Furthermore, the appellate court held that "non-ownership is not a defense in a tax delinquency suit where the taxing entity seeks foreclosure of a tax lien on property,"

4

and it sustained UISD's first issue. *Id.* at *5; *see* TEX. TAX CODE ANN. § 42.09 (providing that non-ownership is an affirmative defense if the suit is to enforce personal liability for the tax).

Regarding UISD's second issue, the court determined:

A taxpayer may not seek reallocation of the value of its property outside the statutory protest scheme provided in Chapter 41. *See Kellair Aviation Co.*, 99 S.W.3d at 709 (the proper method to seek reallocation is by filing a protest under Section 41.41). [Trailers] filed protests with the appraisal review board regarding the appraisal district's valuations for 2012 and 2013 but did not appeal the board's order to the district court. Thus, [Trailers] lost the ability to seek review of the board's order and could not litigate the appraised value of its property in a suit to enforce collection of delinquent taxes. *See* TEX. TAX CODE §§ 42.09(a), 42.21(a); *City of Bellaire v. Sewell*, 426 S.W.3d 116, 121–22 (Tex. App.—Houston [1st Dist.] 2012, no pet.) ("arguing that [one's] property was overvalued . . . is not a proper defense in a suit to recover delinquent taxes"). Because [Trailers] could not argue the value of its property should be reallocated as a defense in this delinquency suit, we conclude the trial court abused its discretion by admitting [Trailers's] evidence regarding the apportioned value of the property.

*United,* 2018 WL 2943821, at *5. The appellate court "reverse[d] the trial court's order and remand[ed] the cause to the trial court for calculation of the total amount of taxes, penalties, and interest to which UISD is entitled." *Id.* at *6.

## D. Remand

On remand, the trial court held a hearing for calculation of the total amount of taxes, penalties and interest owed to UISD for tax years 2012 and 2013. UISD submitted a certified copy of its tax statement from Webb County, claiming that Trailers owed $31,817.78 in taxes, $535 in court costs, and $200 in abstract fees. Trailers sought to offset that amount, claiming that on March 27, 2017, it made two payments: $1,414.67 for the taxing year 2012 and $1,896.77 for the taxing year 2013. Trailers also asserted

5

that the appellate court did not reject the trial court's findings of facts and conclusions of law; therefore, they were still valid on remand. Included in those findings were: (1) the trial court found Trailers did not own several trailers in 2012 and 2013; and (2) "notice of taxes for 2012 and 2013 was not received by [Trailers] until 2014." Trailers also argued the amount of taxes it owed was an improper valuation because the commercial trucks were "not located within the boundaries of the taxing unit within the jurisdiction." *See* TEX. TAX CODE ANN. § 42.09(b)(2).

Appellants attended the hearing. They argued that although the court of appeals' judgment is limited to UISD, the issues on appeal are so interwoven such that they, too, may recover delinquent taxes from Trailers even though they did not appeal the trial court's judgment in favor of Trailers.

On December 4, 2018, the trial court entered a judgment in favor of UISD for collection of delinquent taxes in the amount of $32,552.78 and denied appellants' request. Trailers and appellants appealed the ruling.

## II.    JUDGMENT ON REMAND

Trailers argues that the trial court erred by "entering a judgment with evidence that was legally and factually insufficient to support said judgment."

Previously, the appellate court found that UISD presented prima facie evidence of the amount of delinquent tax against the property and the amount of penalties and interest due on that tax when it introduced certified copies of Trailers's tax statement showing the amount of taxes owed by Trailers for years 2012 and 2013. *United,* 2018 WL 2943821, at *5. Trailers argues this evidence is legally or factually insufficient because (1) the trial

6

court found that Trailers did not receive notice for the 2012 or 2013 tax year; (2) the trial court failed to offset payments Trailers made in 2017 for taxes it owed in 2012 and 2013; and (3) the trial court ordered Trailers to pay taxes for several trailers that the trial court found Trailers did not own. All of these arguments require reallocation of the value of Trailers's property. However, the appellate court specifically concluded that Trailers is prohibited from seeking reallocation of the value of its property because it did not avail itself of the protest scheme provided in the tax code.[2] *Id.* at *5.

Under the law of the case doctrine, appellate courts are bound by their prior decisions if there is a subsequent appeal in the case. *Briscoe v. Goodmark Corp.*, 102 S.W.3d 714, 716 (Tex. 2003); *see also Loram Maint. of Way, Inc. v. Ianni*, 210 S.W.3d 593, 596 (Tex. 2006) ("[T]he 'law of the case' doctrine is that principle under which questions of law decided on appeal to a court of last resort will govern the case throughout its subsequent stages."). Because the appellate court already concluded that Trailers "could not argue the value of its property should be reallocated" in this delinquency suit, we overrule Trailers's sole issue. *United,* 2018 WL 2943821, at *5.

### III.    UISD's Judgment

By their sole issue, appellants assert the trial court abused its discretion in denying their requested relief because the proceedings were in rem (foreclosure of the tax lien on the property without personal liability) and their rights and interests are so intertwined with those of UISD they may benefit from UISD's judgment. Trailers asserts that the appellate

---

[2] Moreover, the Fourth Court of Appeals stated it could not consider the trial court's findings of facts or conclusions of law because they were not properly included in the appellate record. *See United Indep. Sch. Dist. v. U.S. Trailers Relocators, LLC, No. 04-17-0028, 2018 WL 2943821*, at *2, n.2 (Tex. App.—San Antonio June 13, 2018, no pet.) (mem. op.).

7

courts' mandate applied to UISD only, and the trial court has a mandatory duty to carry out the mandate. We agree with Trailers.

On April 13, 2017, appellants' claims against Trailers were resolved by a trial court judgment that Trailers owed no taxes, which appellants did not appeal. UISD appealed, and the appellate court reversed and remanded for calculation of the total amount of taxes, penalties, and interest to which UISD is entitled. On remand, appellants asserted for the first time that their rights were so interwoven with UISD they were entitled to relief in accordance with the appellate court mandate, which the trial court denied.[3]

On appeal, appellants rely on *Plas-Tex, Inc. v. U.S. Steel Corp*, 772 S.W.2d 442 (Tex. 1989) and *Turner, Collie & Braden, Inc. v. Brookhollow, Inc.* 642 S.W.2d 160 (Tex. 1982) to argue their rights are so interwoven with the appealing party they cannot be excluded from the Fourth Court of Appeals' opinion. However, neither case supports appellants' position. In *Plas-Tex*, the Court held that because plaintiff "did not appeal the trial court's judgment that it take nothing [from Plas-Tex,] the judgment is final as to that issue and remand is therefore improper." 772 S.W.2d at 446. Like the plaintiffs in *Plas-Tex*, appellants failed to appeal the trial court's judgment. Consequently, "the judgment is final as to that issue." *Id*.

In *Brookhollow*, the Texas Supreme Court held that "when one party appeals from a judgment, a reversal as to him will not justify a reversal as to other nonappealing parties . . . [unless] the respective rights of the appealing and nonappealing parties are so interwoven or dependent on each other as to require a reversal of the entire judgment."

---

[3] The trial court asked cross-appellants why they did not join the appeal, and they responded, "UISD filed the appeal. We basically sat back and waited for UISD to get their—to get their judgment back."

642 S.W.2d at 166. "In such a case, the court must reverse the entire judgment in order to provide the appellant with full and effective relief." *Id.* Here, however, the court need not reverse the entire judgment "in order to provide [UISD] with full and effective relief," for UISD can obtain relief independent of appellants' claims. *Id.* There are four claims involved in this case: (1) UISD's claim against Trailers; (2) Laredo Community College's claims against Trailers; (3) Webb County's claim against Trailers; and (4) the City of Laredo's claim against Trailers. *See Plas-Tex,* 772 S.W.2d at 446. None of appellants' claims are dependent on UISD's claims or so interwoven as to have required reversal of the entire judgment. Moreover, the appellant in *Brookhollow* specifically requested that the case be reversed and remanded in its entirety on the basis "that the various claims for damages are so intertwined that one cannot be severed from the others and retried alone." 642 S.W.2d at 166. There was no such a request here.

The appellate court's mandate in this case recites that the trial court's order "is REVERSED and the cause is REMANDED to the trial court for calculation of the total amount of taxes, penalties, and interest to which *UISD* is entitled." (Emphasis added.) Upon receiving an appellate court's mandate, the lower court has a mandatory, ministerial duty to enforce the appellate courts' judgment. *See* TEX. R. APP. P. 51.1; *In re Marriage of Grossnickle*, 115 S.W.3d 238, 243 (Tex. App.—Texarkana 2003, no pet.). "The lower court has no discretion to review or interpret the mandate but, instead, must carry out the mandate." *In re Richardson*, 327 S.W.3d 848, 850 (Tex. App.—Fort Worth 2010, orig. proceeding); *Grossnickle*, 115 S.W.3d at 243; *see also In re Columbia Med. Ctr. of Las Colinas*, 306 S.W.3d 246, 248 (Tex. 2010) (orig. proceeding). Here, the trial court carried

9

out the mandate as ordered by the Fourth Court of Appeals. Therefore, we conclude that the trial court did not err in denying appellants' requested relief. *See In re Richardson*, 327 S.W.3d at 850. We overrule appellants' sole issue.

## IV.    CONCLUSION

We affirm the judgment of the trial court.

JAIME TIJERINA
Justice

Delivered and filed the
10th day of December, 2020.