# NO. 12-24-00207-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *JOE MARLIN GILMER,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## MEMORANDUM OPINION
### PER CURIAM

On June 21, 2024, Joe Marlin Gilmer, acting pro se, filed this original proceeding in which he complains of Respondent's failure to conduct further proceedings consistent with this Court's opinion, in which we reversed the trial court's order denying Gilmer's motion to rescind as it pertains to court appointed attorney's fees and restitution and remanded for further proceedings.[1] *See **Gilmer v. State***, No. 12-23-00054-CV, 2023 WL 8103957, at *4 (Tex. App.—Tyler Nov. 21, 2023, no pet.) (mem. op.).[2] That same day, the Clerk of this Court informed Relator that his petition fails to comply with appellate Rules 52.3(a)-(c), (e)-(h), (j) and (k) and 52.7. *See* TEX. R. APP. P. 52.3 (form and contents of petition); TEX. R. APP. P. 52.7 (record). The notice warned that the petition would be referred to this Court for dismissal unless Relator provided an amended petition and the record on or before July 5. This deadline expired without a response from Relator.

---

[1] Respondent is the Honorable Chris B. Martin, Judge of the 294th District Court in Van Zandt County, Texas. The State of Texas is the Real Party in Interest.

[2] When the trial court clerk receives the mandate, the appellate court's judgment must be enforced. TEX. R. APP. P. 51.1(b). Upon receiving the appellate court's mandate, the lower court has a mandatory, ministerial duty to enforce the appellate court's judgment. *In re Richardson*, 327 S.W.3d 848, 850 (Tex. App.—Fort Worth 2010, orig. proceeding). The lower court has no discretion to review or interpret the mandate but, instead, must carry out the mandate. *Id*. A court of appeals may issue a writ of mandamus to enforce its jurisdiction and to prevent the trial court from interfering with its judgments. *Id*. at 850-51.

Generally, a party seeking mandamus relief must bring forward all that is necessary to establish his claim for mandamus relief. *See* TEX. R. APP. P. 52. The petition must contain certain items, including an appendix. *See* TEX. R. APP. P. 52.3. Texas Rule of Appellate Procedure 52.7 requires the relator to file a record as part of his petition in an original proceeding. TEX. R. APP. P. 52.7. Specifically, a relator must file (1) a certified or sworn copy of every document that is material to his claim for relief and that was filed in any underlying proceeding; and (2) "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." TEX. R. APP. P. 52.7(a).

It is a relator's burden to provide this Court with a record sufficient to establish the right to mandamus relief. *See In re Mack*, No. 12-19-00238-CV, 2019 WL 3024757, at *1 (Tex. App.–Tyler July 10, 2019, orig. proceeding) (mem op.). In this case, Relator did not provide a record in accordance with Rule 52.7. Specifically, Relator has not shown that he presented his complaint to Respondent and there is no record to demonstrate that Respondent failed to comply with this Court's mandate. *See O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding) (To establish an abuse of discretion by the trial court, the relator must establish that the trial court (1) had a legal duty to perform a nondiscretionary act; (2) *was asked to perform the act*; and (3) failed or refused to do so within a reasonable time). Absent a record, we cannot determine whether Relator is entitled to mandamus relief. *See Mack,* 2019 WL 3024757, at *1. Because Relator's petition fails to comply with the appellate rules, nothing is presented for this Court to review. Therefore, we ***deny*** the petition for writ of mandamus.

Opinion delivered July 10, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 10, 2024**

**NO. 12-24-00207-CV**

**JOE MARLIN GILMER,**
Relator
V.

**HON. JUDGE CHRIS B. MARTIN,**
Respondent

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Joe Marlin Gilmer; who is the relator in appellate cause number 12-24-00207-CV, and the defendant in trial court cause number CR-15-00226, formerly pending on the docket of the 294th District Court of Van Zandt County, Texas. Said petition for writ of mandamus having been filed herein on June 21, 2024, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*